99 Ariz. 327 (1965)
409 P.2d 35
STATE of Arizona, Appellee,
v.
Bill BRADLEY, Jr., Appellant.
No. 1639.
Supreme Court of Arizona, En Banc.
December 22, 1965.
*328 Darrell F. Smith, Atty. Gen., Robert K. Corbin, Maricopa County Atty., for appellee.
L. Robert Pearlman, Phoenix, for appellant.
BERNSTEIN, Justice.
Appellant, Bill Bradley, Jr., was found guilty of first degree burglary after a trial by jury in the Superior Court of Maricopa County and was sentenced to not less than twelve nor more than fourteen years in the Arizona State Prison. Court appointed counsel for appellate purposes moved this court to allow submission of the appeal on the record in that counsel was unable to find grounds on which an appeal could be based. Under A.R.S. § 13-1715 the *329 court must search the record for fundamental error in all criminal appeals. State v. Burrell, 96 Ariz. 233, 393 P.2d 921.
In a letter to this court appellant himself contends that his grounds of appeal are the following: (1) Illegally seized evidence; (2) Insufficient evidence to convict, and (3) An excessive sentence.
At 5:30 in the morning on January 3, 1964, the Chief Liquor Store at 3623 East Indian School Road was burglarized of over forty dollars. The burglar entered the store by breaking in the wooden panels on the bottom portion of the front door. In the process the glass on the upper portion of the door was broken and blood was left on the jagged pieces of glass. George W. Burton, the store owner was called to the scene of the crime one-half hour after it took place. Mr. Burton gave testimony at trial that change from the cash register was stolen, the cash register key was missing, and in sweeping up the mess, he found a broken piece of metal which he turned over to the police.
Michael Kelly, a seventeen year old newspaper delivery boy, testified that while on his early morning route he observed the burglary while it was taking place and informed the police immediately. Kelly informed the police that the burglar was in possession of a red 1963 Chevrolet Impala, and was wearing what looked to be a blue service station attendant's outfit.
Phoenix Patrolman, George Chilson, testified that at 7:45 on the morning in question he spotted a maroon 1963 Chevrolet Impala parked on the side of the road at 37th Street and Van Buren and the driver appeared to be asleep at the wheel. After questioning the man inside for a minute Chilson left when Officer Anthony Settle arrived on the scene.
Officer Settle gave testimony that appellant was wearing a blue outfit. When questioned what he was doing parked in the area appellant replied he had become sleepy some time prior and decided to park. He explained to the officer that he had been bar hopping and drinking all night. When Officer Settle noticed a tire iron with gouges and scratches all over it on the rear floor he asked for and received permission to search the car. Further inspection showed the end of the tire iron was broken off. This prompted the officer to make a more thorough search which turned up a green rag full of change. In the street next to the car door was found what turned out to be the missing cash register key. The appellant was then arrested for being drunk and disorderly.
Detective David Haynes testified that he discovered blood on the jagged glass in the broken door at the burglarized liquor store. He further stated that when questioning appellant at 10 a.m. on January 3, about whether he was connected with the crime he noticed two fresh cuts on appellant's forearm several inches above the wrist.
*330 Finally, Herbert Irwin, a police chemist and expert witness testified that it was his opinion the piece of metal found by the liquor store owner when sweeping his floor was broken off the tire iron found in the maroon 1963 Chevrolet. Irvin found glass fragments imbedded in the shoes removed from appellant as well as inside the shoe itself. He also removed glass from appellant's shirt. Irvin ran two tests on (1) specific gravity of the glass and (2) spectographic analysis of the glass. In his opinion the glass fragments removed from appellant's shoes and shirt were identical with the glass taken from the broken door.
On cross examination appellant testified that he had been bar hopping all the previous night and because he was drinking he couldn't remember much. His explanation was that the cuts on his wrist and the glass taken from his clothing were from a repair job he did on a broken headlight at the gas station at which he was employed. The change he claims was his tip money. The broken tire iron and the cash register key went unexplained.
In regard to appellant's contention that there is illegally seized evidence we have held that the test regarding the legality of a search and seizure is whether it was reasonable under the circumstances. State v. Tigue, 95 Ariz. 45, 386 P.2d 402. Here the police had a description of a vehicle similar to the one appellant was driving. There was no other way to find the burglar except to keep on the alert for the vehicle described. Appellant was parked and apparently sleeping at the side of the road and the police, under this circumstance alone had cause to make a routine investigation.
It is clear that appellant consented to the search of the vehicle. While it is quite apparent that this was a legal search and seizure the law is clear that a defendant may waive his constitutional right by freely consenting to an otherwise unauthorized search and seizure. State v. Farmer, 97 Ariz. 348, 400 P.2d 580.
As to appellant's contention that the evidence is insufficient to convict we have held that the sufficiency of evidence to support a verdict will be viewed in a light most favorable to the state and all reasonable inferences therefrom must be taken in a manner unfavorable to defendant. State v. Hernandez, 96 Ariz. 28, 391 P.2d 586.
Finally, it is basic that sentencing is left to the discretion of the judge so long as he stays within the statutory limits, and his determination will not be modified except for abuse. State v. Vineyard, 96 Ariz. 76, 392 P.2d 30. Here the appellant had a list of prior convictions and the judge took these into consideration.
Affirmed.
LOCKWOOD, C.J., STRUCKMEYER, V.C.J., and UDALL and McFARLAND, JJ., concur.