477 P.2d 521

**STATE of Arizona, Appellee,**

v.

**Clarence Simon MOLINA, Appellant.**

**No. 2114.**

Supreme Court of Arizona,
In Division.

Dec. 2, 1970.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Sullivan, Alley & Seefeldt, by Gordon T. Alley, Tucson, for appellant.

UDALL, Justice.

Defendant, Clarence Simon Molina, was tried before a jury and found guilty of first-degree rape. He was sentenced to a prison term of from twenty to twenty-five years.

Defendant's sole contention on appeal is that the sentence was excessive, in light of the fact that this was his first felony conviction, that at the time of the commission of the crime he was only 20 years old, and that he, because of being intoxicated, did not remember committing the offense. At the time of the sentencing of the defendant, an Indian, defense counsel made a plea to the trial court for leniency which included the statement that:

" * * * [T]he Court realizes that the reason this thing took place was liquor, and that many of the Indians today have that problem with liquor. I hope that the Court will take that into consideration in reaching its decision on what the sentence will be."

Because a defendant appears in person before the trial judge, the trial judge is, in most instances, better able than we to evaluate him and to determine what action will most likely rehabilitate him to constructive activity. For this reason the legislature has given the trial court wide discretion to sentence a defendant for a period somewhere between a statutory minimum and a statutory maximum. State v. Maberry, 93 Ariz. 306 at 309, 380 P.2d 604 at 606 (1963). Accordingly, this Court has consistently held that the pronouncing of a sentence is within the sound discretion of the trial court, and that we will uphold a sentence if it is within the statutory limits unless there is a clear abuse of discretion. State v. Carpenter, 105 Ariz. 504 at 506, 467 P.2d 749 at 751 (1970); State v. Bradley, 99 Ariz. 328 at 331, 409 P.2d 35 at 37 (1965).

The crime of first-degree rape is defined at A.R.S. § 13-611, subsec. A. The punishment for commission of that offense is set forth at A.R.S. § 13-614, subsec. A as being

imprisonment for life or for any term of years not less than five. It is clear that the sentence in the instant case falls within the statutory limits established by the legislature. Therefore, the only question before this Court is whether the sentence given Molina was excessive, thereby constituting an abuse of discretion on the part of the trial court.

Included in the record on appeal is a presentence report prepared by the probationary officer, which was considered by the trial court in determining Molina's sentence. We have previously held that it is proper for a trial court, in exercising its discretion, to so consider such a document. State v. Fenton, 86 Ariz. 111 at 121, 341 P.2d 237 at 243 (1959). This holding is consistent with the annotation at 96 A.L.R. 2d 768, entitled "Court's Right, In Imposing Sentence, To Hear Evidence Of, Or To Consider, Other Offenses Committed By Defendant", wherein the comment is made that:

"It has generally been declared that a sentencing judge who is entitled to consider other offenses of the defendant in fixing the punishment is not bound by the usual rules of evidence, and may search anywhere, within reasonable limits, for the facts necessary to enable him to act wisely and judicially, and approval has been given to his receipt of evidence or information as to defendant's other offenses by various means, including court or public records, the testimony of witnesses, the confession or admissions of the defendant, the statement of counsel or an officer, an FBI or similar report or record, judicial notice or knowledge, and presentence investigation reports, except where more formal proof was required by statute." 96 A.L.R.2d 768 at 773.

In the instant case, the presentence report prepared for and considered by the trial court stated, among other things, that defendant Molina had been to the Arizona State Industrial School at Fort Grant twice, once for six months and later for a year, arising out of problems related to his drinking, to his truancy from school, and to a charge of aggravated assault. Also, that during the two or three years preceding his arrest for the offense which served as the basis of this case, he had been arrested on eight different occasions for being drunk and disorderly, for illegal possession and consumption of liquor, for first-degree burglary, and for shoplifting. He spent a considerable amount of time incarcerated for these offenses. The defendant was a suspect in one other rape case and one attempted rape case. In both cases the victims did not desire to sign a complaint against him. As to employment, Molina had periodically done yardwork when he was not incarcerated but had held no other jobs. He apparently had not felt it necessary to work, in part because he had been able to secure money for his drinking from an older sister.

The victim of the act of rape of which Molina was convicted was a 68-year-old woman. Molina entered her bedroom in the middle of the night, jumped on top of her, and physically abused and raped her.

The jury convicted Molina of first-degree rape and the trial court, after considering both the nature and circumstances of the offense charged and the character and past conduct of the defendant, sentenced the defendant to a prison term of from 20 to 25 years. Our review of the record leads us to the conclusion that such a sentence was not excessive under the circumstances and that the trial court was not guilty of an abuse of discretion.

Judgment affirmed.

STRUCKMEYER, V. C. J., and HAYS, J., concur.