484 P.2d 1049

**STATE of Arizona, Appellee,**

**v.**

**Donna Louise SMITH, Appellant.**

**Nos. 2144, 2145.**

Supreme Court of Arizona,
In Banc.

May 12, 1971.

Rehearing Denied June 8, 1971.

Gary K. Nelson, Atty. Gen., by Carl Waag, Former Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by William Carter, Deputy Public Defender, Phoenix, for appellant.

UDALL, Justice:

Defendant, Donna Louise Smith, entered a plea of guilty to one count of assault with a deadly weapon and to one count of armed robbery. The offenses with which she was charged arose out of the armed robbery of a liquor store and a beauty salon on December 5, 1969, by the defendant and another woman. Defendant was sentenced to prison for a term of from fifteen

years to life on each count; the sentences were ordered to run concurrently. Defendant filed an appeal on each of the two convictions. Inasmuch as the issues involved are identical, the two cases have been consolidated on appeal.

Defendant's sole contention on appeal is that the sentence was excessive, considering that this was her first felony conviction and that she was only 19 years old at the time of the commission of the crime, and in light of other circumstances discussed in greater detail hereafter. Defendant asks us to reduce the sentence under the authority granted this Court by A.R.S. § 13–1717, which provides as follows:

"§ 13–1717. *Power of supreme court to correct and reduce sentence upon appeal by defendant.*

"B. Upon an appeal from the judgment or from the sentence on the ground that it is excessive, the court shall have the power to reduce the extent or duration of the punishment imposed, if, in its opinion, the conviction is proper, but the punishment imposed is greater than under the circumstances of the case ought to be inflicted. In such a case, the supreme court shall impose any legal sentence, not more severe than that originally imposed, which in its opinion is proper. Such sentence shall be enforced by the court from which the appeal was taken."

The legislature has given the trial court broad discretion in sentencing a defendant for a period within the statutory minimum and maximum. Because a defendant appears in person before the trial judge, the trial judge is, in most instances, better able than we to evaluate the defendant and his circumstances and to determine what action will most likely rehabilitate him to constructive activity. State v. Maberry, 93 Ariz. 306, 380 P.2d 604 (1963). Accordingly, this Court has consistently held that the pronouncing of a sentence is within the sound discretion of the trial court and that we will uphold a sentence if it is within the statutory limits unless there is a clear abuse of discretion. State v. Carpenter, 105 Ariz. 504, 467 P.2d 749 (1970); State v. Bradley, 99 Ariz. 328, 409 P.2d 35 (1965).

The crime of assault with a deadly weapon is defined at A.R.S. § 13–249. Where, as in the instant case, the assault is committed by a person armed with a gun and the crime is the first offense of the person convicted, the punishment set forth under the statute is imprisonment for not less than five years nor more than life. The same punishment is prescribed where the crime is robbery and is committed by a person armed with a gun, and the crime is the first offense of the person convicted. A.R.S. §§ 13–641, 13–643. It is clear that the sentences imposed in the instant case * * * fifteen years to life on each of the two counts * * * falls within the statutory limits established by the legislature. Therefore, the only question before this Court is whether the sentences given the defendant were excessive and should be reduced.

The facts relevant to the determination of this issue are as follows: Defendant Smith was 19 years old at the time of the commission of the offenses herein. This is her first felony conviction. She comes from a broken home; she and her father moved here in 1968 but her mother and the three younger children remained in California. She has had difficulty getting along with her father. In 1968 she married, but she and her husband separated after about a month and thereafter obtained a divorce. She attempted suicide about six months before the commission of the offenses herein.

Sometime after moving here from California in 1968, defendant Smith began associating with the Devil's Disciples, a motorcycle gang. In late November or early December of 1969, defendant's fiance, Tony Kozlenski, was arrested and charged with carrying a concealed weapon. He

called the defendant and told her to raise enough money to get him out on bail. She didn't have enough cash available to meet the amount set for bond, so she and another girl engaged in several armed robberies during the period from December 3, 1969, to December 5, 1969. Shortly thereafter she was apprehended and charged with five counts of armed robbery and four counts of assault with a deadly weapon. As a result of a plea bargain, all of the charges were dismissed except for the two counts to which the defendant pled guilty. At the time defendant's guilty pleas were entered, she candidly admitted to the trial judge her participation in the offenses charged and described the robberies in some detail. Her statements to the trial court indicated that she is sincerely repentant for her acts and that she wants very much to prove that she can be a useful citizen. Since her arrest she has apparently cooperated fully with the prosecuting authorities.

Several days after defendant was sentenced in the instant case, her attorney filed a Motion to Vacate Judgment and Sentence, alleging that counsel had not had adequate opportunity to present to the Court matters in mitigation and that the Court did not make a sufficient investigation of defendant's background and character before imposing sentence. As a basis for this argument, defense counsel pointed out that prior to defendant's sentencing, she saw her probation officer only once and then only for about half an hour. Counsel also noted that part of the information contained in the probation report was obtained from the defendant's father, who was openly hostile toward the defendant. Finally, defense counsel asserted that no psychological evaluation was made of the defendant and no effort was made to contact her mother or any other person sympathetic to the defendant prior to the sentencing. From these assertions the argument is made that the trial court at the time of sentencing had no way of knowing what measures would be best calculated to assist the defendant in rehabilitating herself.

A hearing on the above motion was held on March 31, 1970. Appellant testified in her own behalf, after which counsel for the defendant and for the state argued the issue to the court. Defendant's motion was denied. The summary of facts and circumstances which defense counsel submitted to the trial court at the above hearing as grounds for a reduction in sentence were later advanced in substantially the same form in defendant's brief on appeal:

> "Appellant is a very young girl. She did not plan the offenses and she has expressed extreme repentance for her acts. She has, in her family and religious background, resources to assist her in rehabilitating herself and her entire course of conduct is more suggestive of a confused and wayward child than a hardened criminal. A lengthy term in prison will expose Appellant to hardened criminals and diminish her chances of leading a successful life upon her release. If the purpose of sentencing is to influence the Appellant to become a productive law-abiding citizen, that purpose will be better served by reducing the minimum time of Appellant's imprisonment to a term of five years. The Parole Board will then have the power to release Appellant if she has demonstrated to their satisfaction that she is desirous and capable of becoming a useful member of society."

■ We have consistently held that where discretion is vested in the trial judge as to the limits of the sentence, he should consider not only the circumstances of the offense but also the moral character and past conduct of the defendant, in order that he may set the punishment in accordance with the general character of both the offense and of the party convicted. State v. Benn, 101 Ariz. 252, 418 P.2d 589 (1966); State v. Quintana, 92 Ariz. 308, 376 P.2d 773 (1962). In setting the punishment, the trial judge may properly consider the presentence report prepared by

the probation officer as well as information from other sources which will assist him in acting wisely and judiciously. State v. Molina, 106 Ariz. 431, 477 P.2d 521 (1970). The presentence report prepared by the probation officer and used by the trial judge in the instant case is included in the record on appeal. In our opinion, the presentence report provided the trial judge with a comprehensive and well-documented summary as to the defendant and her circumstances, and the objections by defense counsel to certain portions of the presentence report, as mentioned earlier in this opinion, are without merit. The trial judge was eminently correct in using the presentence report, along with other resources at his disposal, in determining what sentence to impose.

During the proceedings in the instant case the defendant told the trial judge that she was facing a charge of first-degree murder in Yavapai County and that she planned to enter a plea of guilty to a reduced charge of second-degree murder in that case. [The records of the Superior Court of Yavapai County show that the defendant herein did in fact enter a plea of guilty to a charge of second-degree murder subsequent to the proceedings in the instant case.] During the hearing on the Motion to Vacate Judgment and Sentence, the trial judge in the instant case stated to the defendant that he had taken the pending homicide charge in Yavapai County into consideration, but that it was not the reason he set the terms of the sentence as he did. In his comments to the defendant at that time, he set forth the factors he considered and the reasoning he followed in determining what sentence to impose.

■ From our review of the record we have concluded that the trial judge, in exercising his discretion, weighed and considered all relevant matters, including material submitted by the defense, as well as the nature of the offense and the defendant's character and past conduct. Under these circumstances, we cannot say that the sentence imposed was unduly severe. We accordingly hold that there was no abuse of discretion by the trial court.

Judgment affirmed.

STRUCKMEYER, C. J., HAYS, V. C. J., and LOCKWOOD and CAMERON, JJ., concur.