489 P.2d 12

**The STATE of Arizona, Appellee,**

v.

**Charles Raymond BROWN, Appellant.**

**No. 2228.**

Supreme Court of Arizona,
In Banc.

Sept. 28, 1971.

Gary K. Nelson, Atty. Gen., by Paul J. Prato, Asst. Atty. Gen., Phoenix, for appellee.

George M. Ireland, Prescott, for appellant.

CAMERON, Justice.

### I. *Nature of the Action*

This is an appeal from the Superior Court of Yavapai County for conviction of assault with intent to commit murder based upon a guilty plea.

The attorney, in the brief filed herein, stated, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), that in his opinion the appeal was frivolous. However, complying with Anders, supra, counsel submitted the following three questions as arguable on this appeal.

### II. *Questions to be Decided*

1. Was the plea of guilty voluntarily and intelligently made?

2. Was the sentence imposed by the court excessive?

3. Was the defendant afforded effective assistance of counsel?

## III. *The Essential Facts*

The facts necessary for a determination of the matter on appeal are as follows. An information was filed on 15 September 1969 charging the defendant with violation of § 13–248, assault with intent to commit murder under cause number 6313. The defendant waived a preliminary hearing in front of the Justice of the Peace, Ash Fork Precinct, Ash Fork, Arizona, and at the same time the State dismissed a charge of possession of a stolen motor vehicle. At the time of arraignment on 15 September 1969, the defendant pleaded guilty. The defendant's wife was charged with the same crime and pleaded guilty immediately prior to the court's accepting the defendant's plea. After determining that the plea of the defendant's wife was freely and voluntarily made, the defendant was personally questioned by the court concerning his plea of guilty. The court then found:

"Let the record show that the Court will accept the plea as free aud voluntary and directs that a presentencing report be prepared in this matter and the Court will set sentencing in this matter for 9:00 A.M., Friday, September 19th."

On the date set for sentencing the following transpired:

"THE COURT:

* * * This is the time fixed for sentencing in this matter. Are you ready to proceed?

"MR. NEIL:

Yes, your Honor.

"MR. IRELAND:

Yes, your Honor.

"THE COURT:

You have heretofore entered a plea of guilty Mr. Brown to the charge of assault with intent to commit mur-

der. This is the time fixed for sentencing by the Court.

The Court willl again inform you that you certainly have a right to a jury trial if you so desire. The Court will allow you to withdraw your plea of guilty and arrange to proceed with the jury trial at this time, or you may proceed with the sentencing.

What are your wishes?

"THE DEFENDANT:

Plead guilty.

\* \* \* \* \* \*

"THE COURT:

No legal cause being shown, it is the Judgment of the Court you are guilty as charged of Assault With Intent To Commit Murder, in violation of Arizona Revised Statutes, 13–248.

Frankly, after studying the reports, this is one of the most brutal assaults I have ever had to deal with. I can find no justification for your acts at all.

So, it is the duty of the Court at this time to pronounce sentence. No legal cause being shown, it is the Judgment of the Court that you are guilty as charged, and it is going to be the Judgment and sentence of the Court that you be confined in the Arizona State Prison at Florence, Arizona, for a period of not less than 20 nor more than 30 years, the date of your imprisonment to begin as of this date. \* \* \*

## IV. *Determination of Question No. 1*

WAS THE PLEA OF GUILTY VOLUNTARILY AND INTELLIGENTLY MADE?

We have read the complete transcript and are convinced that the portion relating to the plea of guilty shows a proper acceptance of the plea by the court. State v. Laurino, 106 Ariz. 586, 480 P.2d 342 (1971); State v. Miller, 11 Ariz.App. 457, 465 P.2d 594 (1970). We have de-

cided numerous cases involving the mandate of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), a few of which are as follows: State v. Griswold, 105 Ariz. 1, 457 P.2d 331 (1969); State v. Laurino, supra; State v. Sullivan, 107 Ariz. 98, 482 P.2d 861 (1971); State v. McCallister, 107 Ariz. 143, 483 P.2d 558 (1971); State v. Reynolds, 106 Ariz. 47, 470 P.2d 454 (1970); State v. Carpenter, 105 Ariz. 504, 467 P.2d 749 (1970); State v. Davis, 105 Ariz. 498, 467 P.2d 743 (1970).

We believe the Boykin mandate has been complied with and that the plea of the defendant was intelligently and knowingly made.

## V. *Determination of Question No. 2*

### WAS THE SENTENCE EXCESSIVE?

§ 13–248 A.R.S. as amended reads:

"§ 13–248.   Assault with intent to commit murder; punishment

"A.   A person who assaults another with intent to commit murder shall be punished by imprisonment in the state prison for not less than five years and the sentence may extend to life."

The defendant was sentenced for a period of not less than 20 nor more than 30 years. We have repeatedly held that the trial court has a wide discretion in the pronouncing of a sentence, and that we will uphold a sentence if it is within the statutory limits unless there is a clear abuse of discretion. State v. Carpenter, supra; State v. Davis, supra; State v. Small, 105 Ariz. 363, 464 P.2d 955 (1970); State v. Horton, 101 Ariz. 229, 418 P.2d 385 (1966); State v. Bradley, 99 Ariz. 328, 409 P.2d 35 (1965); State v. Vineyard, 96 Ariz. 76, 392 P.2d 30 (1964).

We previously held the sentence of 25 to 30 years for assault with intent to commit murder was not excessive under the circumstances of the case for a defendant with an extensive criminal record. State v. Chambers, 102 Ariz. 234, 428 P.2d 91

(1967).   In the instant case the defendant has a voluminous record of prior convictions.   We find no abuse of discretion of the court in the instant case.

## VI. *Determination of Question No. 3*

### WAS THE DEFENDANT AFFORDED EFFECTIVE ASSISTANCE OF COUNSEL?

When adequacy of counsel is attacked, the controlling principle is that a conviction will be held invalid on such grounds only if the representation by counsel was a farce or a sham.   State v. Bustamante, 103 Ariz. 551, 447 P.2d 243 (1968).   We have said "advocacy is a skill and art; easy to criticize, difficult to fairly appraise.   Indeed, a post-mortem of criminal trials, selected at random, would undoubtedly reveal flaws of varying magnitude in the trial techniques of respected members of the bar.   Our profession is one in which hindsight is a meager measure of counsel's competency.   *   *   *"  State v. Kruchten, 101 Ariz. 186, 197, 417 P.2d 510, 521 (1966).   In one of the most recent cases concerning effective counsel, we held that for a defendant to have been denied effective counsel, his counsel must have been so incompetent as to have made the trial a farce or mockery of justice.   State v. Brookshire, 107 Ariz. 21, 480 P.2d 985 (1971).   Counsel in the instant case appears to have adequately represented the defendant.

## VII. *Conclusion*

We have reviewed the entire record as required by § 13–1715 A.R.S., State v. Burrell, 96 Ariz. 233, 393 P.2d 921 (1964) and as required by Anders v. California, supra, in cases wherein the attorney is unable to find error.   We have found no fundamental error.

Judgment affirmed.

STRUCKMEYER, C. J., H. HAYS, V. C. J., and UDALL and LOCKWOOD, JJ., concur.