495 P.2d 461

STATE of Arizona, Appellee,

v.

Efrain FLORES, Appellant.

No. 2082.

Supreme Court of Arizona, In Banc.

April 5, 1972.

**232**

———◆———

Gary K. Nelson, Atty. Gen., by William P. Dixon, Asst. Atty. Gen., Phoenix, for appellee.

Estrada & Estrada by Lionel C. Estrada, Phoenix, for appellant.

STRUCKMEYER, Justice.

This is an appeal from a conviction for the crime of robbery and the sentence thereon.

On June 18, 1965, the defendant, Flores, then 18 years of age, drove a motor vehicle to a U-Totem market in Phoenix, Arizona. There, his companion entered the store and at gun point took from the manager $70.00. Defendant's companion was sentenced to serve a term of five to six years in the state penitentiary. Defendant eventually entered a plea of guilty and was given five years' probation upon conditions. His probation was later revoked and he was sentenced to a term of 20 to 30 years in the state penitentiary.

While on probation, Flores was arrested for kidnapping, robbery and assault—all three charges arising out of a single incident. Pending the trial of these charges, a hearing was held on the revocation of the defendant's probation. At the hearing he was represented by counsel from the Public Defender's Office. No transcript of the hearing was made if, indeed, the hearing was reported, but the clerk's minutes establish that the trial judge found that the defendant violated the terms of his probation. Probation was revoked and the defendant was sentenced, as stated. On November 7, 1969, the defendant filed a motion in this Court for a delayed appeal, which we granted, and an attorney was appointed to handle his appeal.

The first question is whether the trial court had cause to revoke defendant's probation. It is argued that the principal reason for the revocation of probation was the filing of criminal charges of kidnapping, robbery and assault against him. As to this, the record shows that after defendant was sentenced to the state penitentiary the kidnapping charge was dismissed for lack of evidence, and that on November 4, 1966, appellant was acquitted by a jury of the charges of robbery and assault.

■ The pertinent part of the court's minute order of the hearing at which defendant's probation was revoked reads:

"The record may show that the Defendant, Efrain Lopez Flores, has been advised by the Court of the matters wherein the Defendant has violated the terms of Probation wherein he is advised that he has failed to make restitution as the Court Ordered; that he kept company with persons of lawless reputation; that he has consumed alcoholic beverages; that he is charged by an officer of the law, namely Officer Bolado of the Scottsdale Police Department, of the offense of kidnapping, armed robbery and assault with a deadly weapon; that the Defendant states to the Court that he has nothing to say except to deny that he kidnapped or robbed the officer."

From the last statement in the record, we are compelled to assume that since defendant did not deny the violations of the conditions of his probation except the felony charges of kidnapping, robbery and assault, the trial court had sufficient other grounds to revoke probation.

■ Defendant also urges that the sentence of not less than 20 years was excessive. We are inclined to agree. In light of the extreme youth of the defendant, the fact that he had no prior felony convictions, that the subsequent felony charges were determined favorably to him, and that his co-defendant, the principal offender in the crime, received a five-to-six year sentence, we conclude 20 to 30 years was excessive. The trial judge is no longer a member of the Superior Court; therefore, we do not consider this an appropriate case to return for resentencing. Instead, we direct that the sentence be reduced to that

imposed upon his co-defendant; namely, not less than five nor more than six years.

Judgment as modified is affirmed.

HAYS, C. J., CAMERON, V. C. J., and LOCKWOOD and HOLOHAN, JJ., concur.