514 P.2d 490

**STATE of Arizona, Appellee,**

v.

**Robin Jo McCLINE, Appellant.**

**No. 2354.**

Supreme Court of Arizona,
In Banc.

Sept. 26, 1973.

Gary K. Nelson, Atty. Gen. by Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for appellee.

Thomas W. Foster, Phoenix, for appellant.

HOLOHAN, Justice.

After a trial by jury, appellant was convicted of assault with intent to commit murder. She was sentenced to confinement for a term of not less than 20 nor more than 30 years. Although the time for appeal had expired this Court allowed a delayed appeal to be taken because appellant had not been advised of her right to appeal by either the trial court or counsel.

Two arguable questions of law are presented through an *Anders* brief (Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 [1967]): (1) Did the fact that appointed counsel unsuccessfully attempted to withdraw from the case prejudice the defendant by denying her the effective assistance of counsel? (2) Was the sentence of 20 to 30 years excessive for the conviction of assault with intent to commit murder?

Appellant was arrested after several witnesses, including a police officer, saw her shoot a fellow bar patron five times. She was charged with assault with intent to commit murder. The trial court appointed counsel to defend her.

Shortly after his appointment counsel for appellant filed a motion for mental examination under Rule 250, Rules of Criminal Procedure 17 A.R.S. This motion was denied. Thereafter counsel, at his own expense, employed a physician to examine the appellant.

Whether appellant objected to counsel's attempt to develop a defense based on her mental condition is not clear from the record, but counsel did ask the trial court for permission to withdraw from the case because the appellant had refused to cooperate and because she did not want the counsel appointed by the court. The trial court denied the motion and directed the appellant to cooperate with her court-appointed attorney.

Counsel for appellant was subsequently successful in getting the trial court to appoint physicians to examine appellant's mental condition; and counsel was able to persuade the trial court to commit the ap-

pellant to the state hospital for observation.

The results of the hospital examinations were that the appellant was competent to stand trial, assist her attorney, and she could distinguish right from wrong. The report also indicates that the appellant had overcome her first disappointment with her court-appointed counsel, and she expressed the belief that he was beginning to do a good job for her.

After the results of the medical examination the trial court set the matter for trial. The evidence presented by the state at the trial was, to say the least, overwhelming. Many witnesses saw the shooting including a police officer. The victim had been shot fives times with three of the points of entry being in his back and two being on the right arm. Fortunately the victim lived.

We are asked to examine the representation of the appellant by court-appointed counsel to determine whether that representation fell below the standards required by law, whether the representation was a farce, a sham or shocking to the conscience. State v. Brookshire, 107 Ariz. 21, 480 P.2d 985 (1971); State v. Rackley, 106 Ariz. 424, 477 P.2d 255 (1970); State v. Kruchten, 101 Ariz. 186, 417 P.2d 510 (1966). Our review of the case discloses that counsel did the best he could with a hopeless situation and the facts afforded no meritorious defense. A lawyer, employed or appointed, is under an obligation to defend the accused with all his skill and energy. His obligation is to achieve a fair trial. Mere failure to achieve an acquittal is no part of a court's consideration of the work of a trial lawyer. Mitchell v. United States, 104 U.S.App.D.C. 57, 259 F.2d 787 (1958). Counsel in this case satisfied his obligation to appellant, and we conclude that appellant was not denied the effective assistance of counsel.

Counsel for appellant asks that we review the sentence in this case to determine whether it is excessive. A conviction under A.R.S. § 13–248 is punishable by im-

prisonment for not less than five years nor more than life. The sentence imposed of 20 to 30 years is within the limits of the statute, and it does not present a clear abuse of discretion which would require that it be reduced. State v. Smith, 107 Ariz. 218, 484 P.2d 1049 (1971); State v. Carpenter, 105 Ariz. 504, 467 P.2d 749 (1970); State v. Brown, 107 Ariz. 375, 489 P.2d 12 (1971); State v. Voeckell, 69 Ariz. 145, 210 P.2d 972 (1949). It must be noted that in addition to the circumstances presented in the instant case, the trial judge no doubt considered the fact that appellant had been convicted of felonies on three previous occasions, the last conviction being for murder in the second degree.

The judgment and sentence of the superior court in this case is affirmed.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.