514 P.2d 712

**STATE of Arizona, Appellee,**
v.
**Darryl Lester BETTIS, Appellant.**
No. 2368.

Supreme Court of Arizona,
In Division.
Oct. 3, 1973.

Gary K. Nelson, Atty. Gen. by Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for appellee.

Sullivan, Alley & Seefeldt by Gordon T. Alley, Tucson, for appellant.

HOLOHAN, Justice.

■ Darryl Lester Bettis entered a plea of guilty to a charge of armed robbery on July 16, 1971. He was sentenced to a term of 8 to 10 years confinement in the Arizona State Prison at Florence. This appeal is brought questioning only whether the sentence is excessive in light of the facts that this was a first offense and that the defendant is "youthful."

■ Neither the record on appeal nor appellant's brief disclose the exact age of the defendant, and the factors of youth and first offense are relevant considerations in determining the propriety of a sentence [See State v. Flores, 108 Ariz. 231, 495 P. 2d 461 (1972); State v. Seelen, 107 Ariz. 256, 485 P.2d 826 (1971)], but youth and first offense are not the only factors relevant to fixing the sentence. State v. Smith, 107 Ariz. 218, 484 P.2d 1049 (1971).

■ As an additional factor the appellant points out that he was not the one armed during the offense, and the record supports his position. It was his codefendant who had the gun. This is, of course, no defense to the charge as the appellant was, admittedly, an aider and abettor in the commission of the offense. State v. Church, 109 Ariz. 39, 504 P.2d 940 (1973).

■ Where discretion is vested in the trial judge as to the limits of the sentence, he should consider not only the circumstances of the offense but also the moral character and past conduct of the defendant. State v. Smith, supra. The record is clear in this case that the trial judge did just that. At the time of sentence the trial judge reviewed with appellant the circumstances of the robbery, and those circumstances disclosed that the house of two older women had been invaded at night, ransacked while the women were held at gunpoint, property taken, and the women left tied on the floor.

While the appellant protests that this was his first felony conviction, his past conduct did nothing to recommend him. Even appellant recognized the problem when he stated to the trial court: "I know I have been in a lot of trouble when I was younger." Appellant had a history of juvenile delinquency which included a commitment to the state industrial school. At the time of sentence appellant was absent without leave from the Army for the second time.

There is nothing presented in the record, or by counsel, which in any way suggests that the trial judge abused his discretion in the sentence imposed. The judgment and sentence of the trial court are affirmed.

HAYS, C. J., and STRUCKMEYER, J., concur.