521 P.2d 984

**STATE of Arizona, Appellee,**

v.

**Max O'DONNAL, Appellant.**

No. 2491.

Supreme Court of Arizona,
In Banc.

April 24, 1974.

Gary K. Nelson, Atty. Gen., Phoenix by John S. O'Dowd, Asst. Atty. Gen., Tucson, Charles L. Weninger, Certified Third-Year Law Student, University of Arizona, Tucson, for appellee.

Clay G. Diamos, Tucson, for appellant.

HOLOHAN, Justice.

The appellant Max O'Donnal pled guilty to an information charging the unlawful

possession of heroin and to one count of an indictment charging the unlawful sale of. heroin. His plea was accepted by the trial court, and he was sentenced to confinement for not less than five nor more than seven years for the unlawful possession of heroin and not less than 15 nor more than 20 years on the unlawful sale of heroin. The sentences were to be served concurrently.

Appellant challenges the constitutionality of the punishment provisions of A.R.S. § 36–1002 and A.R.S. § 36–1002.02; further he contends that the sentence imposed in this case was excessive, and finally he questions the inclusion in the presentence report of the comments by the county attorney's staff on the appellant's reputation.

The appellant contends that the punishment sections of the statutory provisions proscribing the use, sale and possession of heroin are cruel and unusual punishment for a person such as the appellant who is an admitted heroin addict. It is his position that his status is in effect being punished rather than any criminal act. Appellant concedes that Robinson v. California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962) does not support his position specifically, but he argues that his acts arise from his addiction rather than any so-called antisocial behavior.

In *Robinson* the United States Supreme Court struck down the California statute which made it an offense for an individual to be a narcotics addict. The federal Supreme Court held that the status of addiction could not be the subject of a criminal offense and that Court held that the infliction of a criminal penalty for such a status was the infliction of cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments. However, the Court in *Robinson* recognized that there was a distinction between the status of narcotics addiction and the use, sale or possession of narcotics. The Court in *Robinson* recognized the validity of state acts which seek to regulate under their police power the sale, possession, use, and administration of dangerous and habit-forming drugs.

"A State might impose criminal sanctions, for example, against the unauthorized manufacture, prescription, sale, purchase, or possession of narcotics within its borders." 370 U.S. at 664, 82 S.Ct. at 1419.

The State of Arizona under its police power has the constitutional authority to regulate or prohibit the use of narcotics and the legislature of the State may prescribe strong penalties designed to enforce the public policy against the use of such substance. State v. Mendoza, 104 Ariz. 395, 454 P.2d 140 (1969); State v. Wadsworth, 109 Ariz. 59, 505 P.2d 230 (1973).

The position of the appellant is without merit, for it is not his status which is being punished; it is his activities in possessing and dealing in a forbidden substance—a substance which the public policy of this State seeks to remove totally from use.

Appellant contends that even if the punishment imposed was not cruel and unusual in violation of the Constitution the sentence imposed was an abuse of the trial court's discretion. Appellant recognizes that this Court has held on many occasions that the trial courts are given great latitude in imposition of sentences in criminal cases and that, when sentences are within statutory limits, they will be altered by this Court only in cases in which there is a clear abuse of discretion. State v. Carpenter, 105 Ariz. 504, 467 P.2d 749 (1970); State v. McCline, 109 Ariz. 569, 514 P.2d 490 (1973).

Pursuant to A.R.S. § 13–1717B. this Court has been granted the power to modify the sentence imposed when the circumstances warrant it. Appellant contends that this Court has been given the statutory authority to modify sentences and that we should exercise this authority to harmonize sentences with the modern trend which appellant contends reserves the imposition of extended terms of confinement

to habitual and dangerous criminal behavior.

Much has been written on the subject of appropriate terms of confinement for various types of offenses. The subject has been studied by the American Bar Association and various Presidential Commissions, See: American Bar Association Project on Minimum Standards for Criminal Justice. Standards Relating to Sentencing Alternatives and Procedures, Approved Draft, 1968. National Advisory Commission on Criminal Justice Standards and Goals. Report on Corrections (1973). The recommendations of these authorities, if accepted, would substantially reduce the maximum term of confinement authorized for most crimes to not more than five years. In effect, appellant suggests that this Court accept the suggested standards and reduce appellant's sentence to a shorter term.

Laying aside for the moment the question whether appellant may in fact be considered either a dangerous or habitual criminal, the position advocated by appellant fails to consider the fact that sentencing in Arizona is part of a complex system of legislative, judicial, and executive action. The statement of the revisers of the New York Penal Law (1964) quoted in the ABA Standards Relating to Sentencing Alternatives and Procedures (p. 89) aptly describes this State's system:

"The approach of the proposed sentencing structure is to rely upon the gravity of the offense as the legal criterion for the length and nature of the authorized sentence (except for certain recidivists), and to balance control over the sentence among the legislative, executive and judicial branches so that each of these agencies exercises authority in accordance with the individual factors that lie within its special areas of competence.

\*    \*    \*    \*    \*    \*

"Under the proposed structure, the Legislature expresses, in terms of sen-

tencing limits, society's view of the gravity of particular criminal conduct. This sets the outside limits of penal discipline for particular conduct. The legislature then distributes the authority to control the sentence, within such limits, in such fashion as to enable the court, the institutional authority and the parole board each to serve its proper purpose and, within its special sphere of competence, to individualize the sentence."

While the Legislature may change the structure of sentencing to conform to the suggested standards of the American Bar or Presidential Commission, the present public policy of the State as enacted by the Legislature is not in agreement with those proposals, and until there is a change in that policy, we will adhere to our former decisions on the subject. State v. Carpenter, *supra.*

■ The objectives of sentencing are multifold, and they include not only punishment and rehabilitation as objectives but also the protection of society from further harm by the criminal. State v. Kennedy, 106 Ariz. 190, 472 P.2d 59 (1970); State v. Battelle, 110 Ariz. 436, 520 P.2d 308, No. 2719, filed February 22, 1974; State v. Drury, 110 Ariz. 447, 520 P.2d 495, No. 2599, filed March 25, 1974. When a trial court is faced with the alternatives of either confining a defendant or leaving him at large to continue his criminal activity, the decision to confine is not only sound discretion but necessary for the protection of society.

■ Appellant through his plea bargain succeeded in having four informations and an indictment dismissed, and two counts of a second indictment dismissed. Counsel for appellant urges that the only prior convictions in appellant's background were misdemeanors, and the appellant had not been convicted of the other offenses. From the total background presented in the presentence report and the nature of the offenses which the appellant admitted com-

mitting we find no abuse of discretion in the sentence imposed.

Appellant complains that the presentence report contained material which was unsubstantiated and unattributable hearsay which should not be considered by a sentencing court. The challenged material was contained in the presentence report submitted by the probation officer, and stated:

> "The County Attorney's staff feels the subject is a professional criminal, and perhaps the biggest drug 'ripoff' specialist in the community. They feel the subject has been involved in a much larger number of criminal offenses than those for which he has been arrested. They added, that it is obvious by his large number of indictments and the many and devious methods he has employed to escape conviction, that his activities have been intense as well as profitable. They feel the subject should be given an extended prison sentence."

 Counsel for appellant argues that a sentence may not be based upon false information or false assumptions. Townsend v. Burk, 334 U.S. 736, 68 S.Ct. 1252, 92 L. Ed. 1690 (1948). In *Townsend* the sentence was set aside because it was based on false information as to the defendant's criminal record.

The statement appearing in the presentence report was clearly the opinion of the prosecutor's staff. There is no misrepresentation of fact. It is distinguishable from *Townsend* in that there is no false information presented to the sentencing court, and the material presented is clearly presented as opinion.

It was not necessary for the opinion from the prosecutor's staff to be presented in open court. In determining the kind and extent of punishment to be imposed the trial judge is not restricted to evidence derived from the examination and cross-examination of witnesses in open court. Responsible unsworn or out-of-court information relative to the circumstances of the crime and to the convicted person's life and characteristics may be considered by the sentencing ·judge. Williams v. Oklahoma, 358 U.S. 576, 79 S.Ct. 421, 3 L.Ed.2d 516 (1959).

Interestingly enough appellant was under no illusion about the probable sentence in this case. At the change of plea his attorney stated: " . . . I think he realizes, there is a very, very strong possiblity that he is going to be incarcerated for a good length of time after the sentencing, . . . " At the time of sentence the trial judge stated for· the record the matters which ·seemed significant to him. ·The main concern of the trial judge was appellant's entry into the traffic of drugs; that appellant had proceeded from use of drugs to sale of them. The trial court found nothing to indicate that the appellant would change his habits. We find no abuse of discretion in the sentence imposed.

Judgment and sentence affirmed.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.