352 A.2d 656.

STATE *vs.* JOSEPH JONES.

MARCH 11, 1976.

PRESENT: Paolino, Acting C. J., Joslin and Kelleher, JJ.

JOSLIN, J. On April 3, 1975, the defendant Joseph Jones was presented to a justice of the Superior Court as an alleged violator of the terms of probation imposed upon him in 1972 coincident with his receiving a suspended 5-year sentence on his plea of guilty to a charge of larceny from the person. The grounds specified at the violation hearing were robbery, possession of a firearm after conviction of a crime of violence and alteration of the serial number of that firearm. After finding that a violation had been established on the three grounds specified, the trial justice removed the suspension and ordered the defendant committed on the sentence previously imposed. The case is here on the defendant's appeal.

The defendant does not argue that his revocation hearing was lacking in any of the due process procedures mandated by *Morrissey* v. *Brewer,* 408 U. S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), or that it was otherwise inadequate. Instead, he rests his appeal on two narrow grounds. One is that his violation, at least to the extent it depends on the robbery allegation, has been vitiated by reason of no indictment having been returned or information filed against him for that offense. It is true that, for the limited purpose of determining whether a violation has occurred,

150

it is immaterial whether the accused was at liberty under a deferred sentence agreement or on probation. *State* v. *Plante*, 109 R. I. 371, 377-78, 285 A.2d 395, 398 (1972). With that principle as his premise, defendant then argues that he should receive the same benefit from G. L. 1956 (1969 Reenactment) §12-19-18, as amended by P. L. 1974, ch. 118, §14,[1] as he would have been entitled to had sentence been deferred rather than suspended. If that were so, defendant concludes, the absence of a grand jury indictment being returned or of an information being filed against him on the robbery allegation would entitle him to a termination of his imprisonment to the extent predicated on that offense.

The obvious and fatal weakness of defendant's contention is that the benefit of §12-19-18, as written, is available only to a deferred sentence agreement violator. Whether it should also apply to a probation violator is for the Legislature, not for us, to decide, and until it acts we are powerless.

The defendant's other ground is that the search and seizure of the revolver involved in the firearms offenses were illegal, that the exclusionary rule of *Mapp* v. *Ohio* 367 U. S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), barred its introduction, and that establishment of viola-

---

[1]General Laws 1956 (1969 Reenactment) §12-19-18, as amended by P. L. 1974, ch. 118, §14, reads as follows:

"Whenever any person shall have been sentenced to imprisonment for violation of a deferred sentence by reason of the alleged commission of a felony and the grand jury shall have failed to return any indictment or an information has not been filed on the charge which was specifically alleged to have constituted the violation of said deferred sentence, the sentence to imprisonment for the alleged violation of the deferred sentence shall, on motion made to the court on behalf of the person so sentenced, be quashed and imprisonment thereunder shall be terminated forthwith and the deferred sentence shall have same force and effect as if no sentence to imprisonment had been imposed thereunder."

tions for these offenses was contingent upon admission of the revolver as an exhibit. We do not reach the issues raised by these contentions inasmuch as our reading of the record[2] convinces us that defendant would have been violated on the robbery offense irrespective of how the firearms offenses were resolved. Moreover, while not relying thereon, we note the principle that failure of a hearing judge to indicate upon which of the several charges specified he depended for revoking will not necessarily preclude a reviewing court from sustaining the revocation provided the violator had an adequate hearing and one of the specified charges was properly considered. *State* v. *Flores*, 108 Ariz. 231, 232, 495 P.2d 461, 462 (1972); *Commonwealth* v. *Newman*, 225 Pa. Super. 327, 329-30, 310 A.2d 380, 381 (1973); *Jones* v. *State*, 478 S.W.2d 937, 939 (Tex. Crim. App. 1972). Those conditions were satisfied here.

The defendant's appeal is denied and dismissed, the judgment appealed from is affirmed and the case is remitted to the Superior Court for further proceedings.

Mr. Chief Justice Roberts was present at oral argument but retired prior to consideration of this case. Mr. Justice Doris did not participate.

---

[2]The record, in pertinent part, discloses that the trial justice, in disposing of defendant's contention, said:

"Well, first of all I wanted to make it clear to Joseph Jones that he had the right to testify and to present any witnesses of his own, because *the state doesn't need the evidence of the gun.*

"We have here uncontradicted testimony of the victim, who was in his automobile at this location on Portland Street, that a man forced his way into the McDonald automobile; placed a knife at the throat of Mr. McDonald; took from him a gun, and took his money from his wallet. The victim stepped from the witness stand and came down and pointed at Joseph Jones, and said, 'That is the man who robbed me, right there.' *Now this is uncontradicted by Joseph Jones, and the state has proved its case right there. We can stop talking, and just leave it, without the corroborative testimony as to the gun."* (Emphasis added.)

*Julius C. Michaelson,* Attorney General, *William Granfield Brody,* Special Asst. Attorney General, for plaintiff.

*William F. Reilly,* Public Defender, *Paul E. Kelley,* Asst. Public Defender, for defendant.