462 P.2d 825

**STATE of Arizona, Appellee,**

v.

**Ira DATSI, Appellant.**

**No. I CA–CR 234.**

Court of Appeals of Arizona, Division 1.

Department A.

Dec. 24, 1969.

---

DONOFRIO, Presiding Judge.

Defendant Ira Datsi has appealed from a judgment and sentence of the Superior Court of Yavapai County sentencing him to the Arizona State Prison for a term of not less than two years nor more than three years for the crime of escape from county jail, a misdemeanor. He filed his notice of appeal in forma pauperis and is represented before this Court by Mr. H. K. Wilhelmsen. On motion of Mr. Wilhemsen, Mr. David Wexler, a member of the New York Bar was associated as counsel for defendant and assisted in the appeal.

After the filing of his opening brief appellant sought to advance the consideration of the appeal by motion to release defendant on the grounds that the maximum penalty for the crime of escape from county jail, a misdemeanor, for which he was convicted, was six months in the county jail and that this time had been served. At that time Datsi had served approximately six months. Appellant also urged that the trial court in pronouncing the prison sentence mistakenly applied the recidivist increased punishment statute, A.R.S. § 13–1649, to defendant's conviction and that the defendant, having already served a sentence approximating the lawful limits of his conviction, was entitled to release. Because of the circumstances, we heard the matter upon short notice, took it under advisement, and on November 7, 1968 issued our order which released the defendant, stating that this opinion was to follow. Pertinent portions of the order read:

"It is the opinion of the Court that the maximum permissible sentence which could have been imposed on April 29, 1969, was six months from that date. At the time of the oral argument the attorney for the State conceded the correctness of this opinion. This time has now expired and the record indicates that Datsi remains in confinement. The Court has undertaken the consideration of the motion, which it considers to be a motion in aid of the appeal, only because

Gary K. Nelson, Atty. Gen., Carl Waag, Sp. Asst. Atty. Gen., Phoenix, Thelton D. Beck, Yavapai County Atty., Prescott, for appellee.

H. K. Wilhelmsen, Prescott, David Wexler, New York City, for appellant.

of the extraordinary circumstances presented.

"IT IS ORDERED that Ira Datsi be released from confinement only in relation to the commitment issued by the Superior Court for Yavapai County in cause number 6244. A certified copy of this order will be promptly transmitted to Warden Frank A. Eyman and will constitute a directive to and authority to Warden Eyman to immediately process the release of Ira Datsi."

■ At the outset let us say we do not make a ruling on defendant's motion apart from the appeal in that we have accelerated the hearing of the appeal to consider the questions presented. We might add that an application for a writ of probable cause is available to cover the situation of persons who find themselves in the dilemma in which defendant found himself. Criminal Rule 354, 17 A.R.S.

Counsel previously appointed for defendant filed a certificate saying that he had gone over the record in this appeal and found no error and requested leave to withdraw. He was permitted to withdraw and present counsel was appointed. We have carefully read the record and find no prejudicial error except that involved in the sentence herein, which we next discuss.

Defendant was filed on for the crime of escape from a county jail, a felony, in violation of A.R.S. § 13–393. The information alleged that he escaped from the county jail after having been confined there on a charge of burglary in the first degree, a felony. For the purposes of increased punishment pursuant to A.R.S. § 13–1649, the information also charged the defendant with having been previously convicted of burglary in the first degree. At arraignment he admitted this prior conviction. Defendant was tried before a jury on the escape-from-jail charge, and the jury returned a verdict of guilty of escape from county jail, *a misdemeanor.* Thereafter the prison sentence was pronounced.

A.R.S. § 13–393 does not set forth the punishment for escape, a misdemeanor.

Consequently resort must be made to A.R.S. § 13–1645. This section provides:

"Except when a different punishment is prescribed, * * * an offense declared to be a misdemeanor is punishable by imprisonment in a county jail for not to exceed six months, by a fine not exceeding three hundred dollars, or both."

Inasmuch as Datsi's sentence exceeded the six months' maximum we presume the court applied the increased punishment provisions of A.R.S. § 13–1649. Apparently it felt that a conviction for first degree burglary came within the purview of this statute. We believe the trial court was in error.

A.R.S. § 13–1649, 1956, which was in effect at the time of this cause provides in part:

"A. A person who, having been previously convicted for petty theft, molesting a child under the age of sixteen years, contributing to the delinquency of a minor, an offense involving lewd or lascivious conduct, or for any offense punishable by imprisonment in the state prison, commits any crime after such conviction, shall be punished upon conviction of such subsequent offense as follows:

"1. If for an offense punishable for a first conviction by imprisonment for a term exceeding five years, by imprisonment in the state prison for not less than ten years.

"2. If for an offense punishable for a first conviction by imprisonment not exceeding five years, by imprisonment in the state prison for not to exceed ten years.

"3. If the subsequent conviction is for petty theft, molesting a school child, contributing to the delinquency of a minor, or an offense involving lewd or lascivious conduct, or an attempt to commit any offense which, if committed, would be punishable by imprisonment in the state prison not exceeding five years, by imprisonment in the state prison for not to exceed five years.

"B. * * * * * *"

Looking at Paragraph A of the statute, we see it is divided into two major parts. The first part is a definition of the type of past (prior) conviction which may be alleged, and part two is a definition of the subsequent conviction for which increased punishment may be applied and the increased punishment applicable thereto. We are unable to find in the provisions of the statute a definition for a subsequent offense which would be applicable to escape from county jail, a misdemeanor, which is punishable upon first conviction by incarceration in the county jail for a term not to exceed six months.

The language of Paragraph A provides " * * * commits any crime after such conviction, shall be punished upon conviction of such subsequent offense as follows: * * *." We believe that the language "any crime" as used in the clause means any crime as defined in sub-paragraph 1, 2 or 3 which follow therein. Sub-paragraph 1 applies where the subsequent conviction is for any crime which would be punishable by imprisonment for a term exceeding five years in which case the increased penalty would be imprisonment for not less than ten years. Sub-paragraph 2 applies where the subsequent conviction would be for a crime which would be punishable by imprisonment for a term not exceeding five years, in which event the increased penalty would be imprisonment not to exceed ten years. Sub-paragraph 3 applies to the subsequent conviction of certain enumerated offenses and attempts to commit certain offenses; then the increased penalty would be punishable by imprisonment not exceeding five years. For a recent case from this Division on punishment for attempt, see State v. Albe, 10 Ariz.App., 545, 460 P.2d 651 (1969).

It appears to us that neither sub-paragraph 1 nor 3 would apply. If the court was correct when sentencing defendant, it had to apply sub-paragraph 2. In affirming or rejecting the court's sentence, it is necessary to determine the meaning of the phrase "imprisonment not exceeding five years" as used in sub-paragraph 2.

The history of our increased punishment statute reveals that the 1901 Code, Sec. 618, in part, Sec. 630; 1913 Code, Sec. 726, in part, Sec. 738; 1928 Code, Sec. 4898; and 1939 Code, Sec. 43–6111, all contained language similar in nature to sub-paragraph 2 of our present code, except in each such code it referred to a subsequent crime punishable by imprisonment upon first conviction in the *state prison* for a period of five years or less. We believe it is clear under the aforementioned codes that sub-paragraph 2 is limited to a subsequent conviction for a felony; i.e., a crime which is punishable by imprisonment in the state prison as distinguished from a crime which is punishable by incarceration in the county jail.

If we look to the 1928 Revised Code, drafted prior to the Arizona Revised Statutes on the subject, we find that the pertinent parts of § 4898 of the 1928 Code read:

" * * * Every person who, having been convicted of * * * any offense punishable by imprisonment in the state prison, commits any crime after such conviction, is punishable therefor, as follows: "* * * if the subsequent offense is such that, upon a first conviction, the offender would be punishable by imprisonment *in the state prison* for five years, or any less term, then the person convicted of such subsequent offense is punishable by imprisonment in the state prison not .exceeding ten years; * * *." (Emphasis added)

The words "in the state prison" in the 1928 Code do not appear in sub-paragraph 2 of A.R.S. § 13–1649, subsec. A and their absence is the source of the ambiguity. Consequently, since A.R.S. § 13–1649 subsec. A(2) is ambiguous, reference may be made to the 1928 Code. State of Arizona v. Griffin, 58 Ariz. 187, 118 P.2d 676 (1941). By so doing, the words "in the state prison" apearing in the 1928 Code are read into A.R.S. § 13–1649 subsec. A(2). The

addition of these words to the statute reads out misdemeanor convictions. Therefore, the defendant may not have been punished under this statute.

The 1951 Legislature adopted Senate Bill 110 which changed the wording of sub-paragraph 2 by eliminating the reference to imprisonment "in the state prison". Our Supreme Court had previously construed the phrase any "term exceeding five years" as is used in sub-paragraph 1 of A.R.S. § 13–1649, subsec. A to mean the maximum sentence which may be imposed. Valdez v. State of Arizona, 49 Ariz. 115, 65 P.2d 29 (1937). By analogy, the phrase "not exceeding five years" as used in sub-paragraph 2 may be said to refer to the maximum sentence which may be imposed, thereby limiting the application of sub-paragraph 2 to those *felonies* which carry a maximum punishment of five years upon first conviction. The 1951 Legislature was aware of the holding in the Valdez case when it changed the wording of sub-paragraph 2. Our Supreme Court has ruled that where a statute which has been construed by that court is reenacted in substantially the same terms, the legislature is presumed to have placed its approval on the judicial interpretation and to have adopted such construction and made it a part of the reenacted statute. Madrigal v. Industrial Commission, 69 Ariz. 138, 210 P.2d 972 (1949).

■ It is to be noted that prior to the 1951 amendment, the only misdemeanor enumerated in our recidivist statute was petty larceny. The 1951 amendment added crimes such as molesting a school child, which is a misdemeanor for first offense, contributing to the delinquency of a minor, also a misdemeanor, and an offense involving lewd and lascivious conduct, a felony. The logic of the legislature in adding certain misdemeanors which within the statute have been specifically excluded, by inference specifically excludes those misdemeanors which were not enumerated. Certainly the legislature did not intend that one who had a prior conviction for burgla-

ry and was subsequently convicted of speeding should be exposed to a maximum sentence of ten years in the state prison, where a person subsequently convicted of petty theft with a prior offense of burglary would only be exposed to a maximum sentence of five years.

■ The maximum punishment which could have been imposed on appellant was "imprisonment in a county jail" not to exceed six months and a fine of $300. The sentence of not less than two nor more than three years in the state prison was therefore illegal and is set aside. Appellant having served six months' imprisonment, we heretofore directed his release.

The conviction is affirmed and the order for his release heretofore entered is confirmed.

STEVENS and CAMERON, JJ., concur.