469 P.2d 835

Jesse Ray MAXWELL, Petitioner,

v.

The Honorable Estes D. McBRYDE, Judge of the Superior Court, State of Arizona, In and For the County of Pinal, Respondent;

Frank EYMAN, Superintendent of Arizona State Prison, State of Arizona, and Dr. Willis Bower, Superintendent of Arizona State Hospital, State of Arizona, Real Parties in Interest.

No. 2 CA–CIV 849.

Court of Appeals of Arizona, Division 2.

May 28, 1970.

Mathis Becker, Phoenix, for petitioner.

Gary K. Nelson, Atty. Gen., by William K. Richey, Special Asst. Atty. Gen., Tucson, for real parties in interest.

JOHN A. McGUIRE, Superior Court Judge.

This is a special action brought by petitioner, an inmate of the Arizona State Prison, against the Judge of the Superior Court of Pinal County with the superintendent of the state prison, the State of Arizona and the superintendent of the state hospital designated as the real parties in interest. He seeks an order directing the prison superintendent to file a petition pursuant to A.R.S. § 31–224, as amended, and that the superior court direct that the petitioner be confined in the Arizona state hospital and other appropriate relief.

The facts are not in dispute. Petitioner is an inmate in the prison. He requested the medical authorities at the prison to give him a psychiatric and psychological examination as he believed himself mentally ill. He was unable to secure the institution of proceedings under A.R.S. § 31–224 and finally his own attorney (who brings this special action) filed a regular mental health petition under A.R.S. § 36–501 et seq. for his commitment to the state hospital. A hearing was duly held, two prison physicians were designated as the examining doctors and both testified that the petitioner was mentally ill to an extent that he was in danger of injuring himself or others.

The respondent court made the following findings of fact:

"1. All the testimony indicates that Jesse Ray Maxwell is suffering from a mental illness.

2. That due to the mental illness, Jesse Ray Maxwell is in danger of injuring himself or the person or properties of others.

3. That although there are no psychologists or psychiatrists on the prison staff, the prison physicians feel that they can adequately treat Jesse Ray Maxwell at the Arizona State Prison.

4. That both of the prison physicians feel that they can perhaps give Jesse Ray Maxwell better treatment at the State Prison then [sic] he can receive at the Arizona State Hospital.

5. That the prison physicians state that the Arizona State Hospital has requested that criminally insane inmates not be sent to the State Hospital."

On April 6, 1970, the petition was dismissed.

This matter involves the proper construction and application of A.R.S. § 31–224, as amended:

"Mentally ill or insane prisoner; procedure for commitment; costs; transfer; reports; computation of time; discharge

A. When a prisoner confined in the state prison discloses symptoms of mental illness, the prison physician shall examine him, and if he is determined to be so afflicted, the physician shall report the fact in writing to the superintendent of the prison, describing the condition

found, together with any recommendations he has. Upon receipt of the report, the superintendent *shall* file a petition as provided in § 36–509 and thereafter the proceeding shall conform to article 1 of chapter 5, title 36.

B. The county in which the court is located shall be reimbursed for costs of the proceedings incurred by the county from funds appropriated to the state prison, upon certification by the clerk and judge of the court of the costs and approval of the claim by the superintendent of the prison.

C. If the prisoner is determined to be mentally ill, the court *shall* order and direct that he be confined in the Arizona state hospital in the legal custody of the superintendent of the prison. The transfer of the prisoner to the state hospital shall be made by the superintendent of the prison.

D. The superintendent of the state hospital shall render to the superintendent of the prison, a quarterly report of the condition of the prisoner, and when it appears that the prisoner has sufficiently recovered that he may be returned to the prison without further risk, he shall be returned to serve the unexpired term, and the period he was confined in the state hospital shall be counted as though served in prison. If the term of imprisonment expires during the time the mentally ill prisoner is confined in the state hospital, the superintendent of the prison shall forward to the prisoner his legal discharge from prison."
[Emphasis added]

 We hold that this is the only section under which proceedings for the commitment of a prisoner as mentally ill may be instituted, except prisoners under sentence of death who are governed by A.R.S. § 13–1691 et seq. It cannot be permitted

that the attorney or friends of an inmate may, by filing of an ordinary mental health petition, remove a prisoner from the custody of the prison superintendent and have him treated as an ordinary patient.

█ The proper course for an inmate who believes that he is entitled to treatment for mental illness and cannot secure the initiation of proceedings to that end because of the inaction or refusal of the prison physician or the superintendent is to institute a special action against such officials and seek a court order compelling them to institute proceedings under A.R.S. § 31–224.

In this case it clearly appears that it is the duty of the prison superintendent, based on the physicians' diagnoses, to commence such proceedings. Since the filing of a petition is required for the commitment to the state hospital of a prisoner, petitioner is entitled to an order to compel it.

█ It is mandatory under the statute that if a prisoner is in fact mentally ill and dangerous to himself or others that he be committed to the state hospital. The respondent judge made the requisite finding and therefore no purpose would be served by requiring the petitioner to pursue the special action route, since the courts of this state look to substance rather than form. Goodman v. State, 96 Ariz. 139, 393 P.2d 148 (1964).

██ The remaining three findings are immaterial. It is not for the prison physician, the prison superintendent or even the court to determine where the prisoner is to be treated, nor are the wishes of the hospital staff of the state hospital of weight against the clear statutory mandate.

The respondent court is therefore directed to enter an appropriate order in conformity herewith, directing the superintendent of the Arizona State Prison to file a petition as provided in A.R.S. § 36–509 within fifteen days from the date of this decision. Upon the filing thereof, the respondent court will thereupon comply with the mandate of A.R.S. § 31–224, subsec. C

as to directing petitioner's commitment to the Arizona State Hospital.

HOWARD, C. J., and KRUCKER, J., concur.

NOTE: Judge JAMES D. HATHAWAY having requested that he be relieved from consideration of this matter, Judge JOHN A. McGUIRE was called to sit in his stead and participate in the determination of this decision.