511 P.2d 668

**STATE of Arizona, Appellee,**

v.

**George Ronald HAUERSPERGER, Appellant.**

**No. 1 CA–CR 511.**

Court of Appeals of Arizona,
Division 1,
Department B.
June 28, 1973.

Gary K. Nelson, Atty. Gen., by Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for appellee.

Dan L. Jones, Pinetop, for appellant.

George Ronald Hauersperger, in pro. per.

EUBANK, Presiding Judge.

This is an appeal from a judgment of conviction and sentence imposed upon the appellant following the revocation of his probation, and following his plea of guilty to a charge of bogus check in violation of A.R.S. § 13–311, a felony (Count I), and to a charge of forgery in violation of A.R.S. § 13–421, a felony (Count II). The guilty plea resulted form a plea bargain.

Appellant, an indigent, was represented by counsel at all proceedings in the trial court commencing with his arraignment. Counsel on appeal has advised this Court by motion to withdraw that after a diligent search of the entire record in this case, he has been unable to discover any reversible error upon which an appeal could be based. He has filed a brief raising two issues which he considers arguable, and has furnished appellant with a copy of his brief and motion to withdraw, in compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After the filing of counsel's brief, this Court entered an order granting appellant an additional period of time within which to file his own supplemental brief raising any additional points he might choose to bring to this Court's attention. This additional period has now expired and no supplemental brief has been filed by appellant.

This Court has read and considered the brief filed by appointed counsel and has examined the entire record of the proceedings, and has determined that there was no fundamental error and that this appeal is wholly frivolous.

The only "arguable" issues raised by appellant's counsel are, first, whether there was an unnecessary delay between the plea of guilty and the sentencing of appellant; and, second, whether the grounds alleged in the motion to revoke and terminate the probation were sufficient.

The first question, relating to unnecessary delay, is not timely raised since more than sixty days for filing an appeal under Rule 348, Rules of Criminal Procedure, 17 A.R.S., elapsed between the time of the original sentence and the revocation of probation, and this question deals with an issue appealable at that time. However, even if the 60-day period had not run, the appellant's contention would not require reversal since the record clearly shows that appellant was personally responsible for the delay by compounding three instances of perjury with forgery in a blatant attempt to mislead the trial court in its attempt to arrive at a just sentence.

The second question regarding the substance of the motion is without merit. The transcript of the hearing demonstrates that the trial court would have been remiss in its duty if it had not revoked appellant's probation and sentenced him to the state prison.

The judgment and sentence are affirmed.

JACOBSON, C. J., and HAIRE, J., concur.