512 P.2d 37

**STATE of Arizona, Appellee,**

v.

**Stanley STARKS, Appellant.**

**No. 2 CA–CR 324.**

Court of Appeals of Arizona.
Division 2.
July 23, 1973.

---

Gary K. Nelson, Atty. Gen. by Howard L. Fell, Asst. Atty. Gen., Tucson, for appellee.

Richard D. Burris, Tucson, for appellant.

HATHAWAY, Chief Judge.

This is an appeal from a plea of guilty and a sentence of 4 to 5 years to the crime of petty theft with a prior conviction.

The facts are as follows. On June 29, 1972, the Tucson Police Department responded to a call from a Circle K food market. Upon arrival the officers were approached by the manager, Mr. Lorne Niece, who stated that the defendant had taken a $.70 bottle of wine and had attempted to leave the store without paying for the wine. When Mr. Niece confronted the defendant, a scuffle ensued and the defendant was handcuffed and placed in a storage room. Defendant was thereafter arrested and booked on petty theft with a prior. The prior offense was based on a similar incident where defendant was caught while attempting to steal liquor from a market. Appellant has presented various claims of error.

## WAS DEFENDANT COERCED INTO MAKING A GUILTY PLEA?

Defendant alleges that his former court-appointed attorney led him to believe that if he pled guilty to the offense as charged, he would receive a sentence substantially less than the maximum five years allowable under the law. The record discloses that defendant was extensively examined by the trial court with respect to the voluntariness of his plea, and defendant stated that he had not been coerced and that he was willingly and knowingly entering his plea. He specifically stated that he had not been pressed into pleading guilty by

**276**

his attorney. The court further instructed the defendant that he stood the risk of going to prison for up to five years. We find no evidence of coercion.

## WAS THE SENTENCE IMPOSED "CRUEL AND UNUSUAL PUNISHMENT"?

Appellant contends that the sentence was disproportionate to the crime involved, and that the punishment imposed was greater than should have been inflicted under the circumstances of the case. In addition to the prior conviction for petty theft, the defendant has other prior convictions including the receiving of stolen property property and second degree burglary.

 We have consistently held that a sentence within the statutory limitation is not cruel and unusual punishment where the statute fixing punishment is not unconstitutional. State v. Vineyard, 96 Ariz. 76, 392 P.2d 30 (1964); State v. Cuzick, 97 Ariz. 130, 397 P.2d 629 (1964). Furthermore, a reviewing court will not interfere with a sentence that is within the statutory limitation unless there is a showing of a clear abuse of discretion by the trial court. State v. Leuck, 13 Ariz.App. 260, 475 P.2d 745 (1970). It is submitted by appellant that the standards for cruel and unusual punishment changes with societal conditions of the day and that cruel and unusual punishment within the prohibition of the Eighth Amendment is to be judged in the light of developing civilization citing Austin v. Harris, 226 F.Supp. 304 (D.C.Mo. 1964), and 33 A.L.R.3d at 350. It is contended that appellant's incarceration is cruel and unusual punishment, because the conviction stems from his alcoholism. The sentence, of course, does not punish appellant's status as an alcoholic if that be his condition; the punishment follows his theft conviction. He may be constitutionally convicted and punished for criminal conduct. See Powell v. Texas, 392 U.S. 514, 88 S.Ct. 2145, 20 L.Ed.2d 1254 (1968).

## WAS APPELLANT ABLE TO FORM THE "FELONIOUS INTENT" RE-

QUIRED TO ESTABLISH PETTY THEFT UNDER A.R.S. § 13–663(B)?

It has been reiterated that a plea of guilty waives production of all evidence of guilt, and thereafter a defendant may not question the legal sufficiency of the evidence against him. State v. Lopez, 99 Ariz. 11, 405 P.2d 892 (1965); State v. Murphy, 97 Ariz. 14, 396 P.2d 250 (1964). Appellant's assertion of error involves a nonjurisdictional defense, therefore he has waived this assertion based upon his plea of guilty. State v. Alford, 98 Ariz. 249, 403 P.2d 806 (1965).

Affirmed.

KRUCKER and HOWARD, JJ., concur.