532 P.2d 874

**STATE of Arizona, Appellee,**

v.

**William Paul TASH, Appellant.**

No. ı CA–CR 738.

Court of Appeals of Arizona,
Division 1,
Department B.

March 13, 1975.

Rehearing Denied April 18, 1975.

Review Denied May 28, 1975.

Bruce E. Babbitt, Atty. Gen., by Shirley H. Frondorf, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by Garth V. Smith, Deputy Public Defender, Phoenix, for appellant.

## OPINION

HAIRE, Chief Judge, Division 1.

Several issues are raised in this appeal from an order of the Maricopa County Superior Court revoking appellant's probation and imposing a sentence of not less than three nor more than five years in the Arizona State Prison. This Court has jurisdiction to entertain this appeal. *See* State v. Brown, Ariz.App., 532 P.2d 167 (1 CA–CR 711, filed February 25, 1974).

Appellant-defendant, William Paul Tash, entered a plea of guilty to the crime of possession of a narcotic drug, a felony, on June 4, 1973. The imposition of sentence was suspended for five years and the defendant was placed on probation under certain conditions, including the following: that he would present "himself for urine surveillance at the discretion of the supervising Probation Officer, that he shall not associate with any person of lawless reputation", and that he spend twelve weekends incarcerated in the Maricopa County Jail.

A preliminary order of revocation of probation was issued on August 14, 1973, for the reasons that defendant had failed to present himself for weekend incarceration on three occasions, and failed to report for urinalysis on three occasions. A hearing was held on this matter on September 10, 1973, after which defendant was reinstated to probation with the added term of serving 90 days in the county jail.

The petition to revoke probation which is the subject of this appeal was filed on February 26, 1974 and stated that:

"The defendant failed to report for urinalysis on Feb. 25, 1974; has been as-

sociating with persons of lawless reputation; and has been stealing jewelry and firearms from his family and pawning the items."

Based upon this petition a bench warrant was issued, and defendant was arrested on February 26, 1974. Two days later defendant was taken before a judge of the Superior Court for an initial appearance, at which time he was advised of the allegations contained in the revocation petition, and was informed that the Maricopa County Public Defender would be appointed to represent him. A revocation hearing was scheduled for March 19, 1974.

The revocation hearing was held as scheduled. The transcript of this entire proceeding consists of slightly more than three pages, and the dialogue pertinent to the outcome of this appeal is as follows:

"THE COURT: This is the time set to hear the Petition on Revocation of Probation for admissions or denial of the allegations that the defendant has violated his probation by failing to report for urinalysis February 25, 1974, by associating with persons of lawless reputation and by taking jewelry and firearms from his family and pawning the items, also having written bad checks in, roughly, the sum of $400.

Is there an admission or denial of those allegations?

"THE DEFENDANT: I admit they are true.

"THE COURT: All right. Based upon the admission of the defendant, the Court finds it is grounds for revocation of the defendant's probation by the preponderance of the evidence.

"MR. DOVE: Your Honor, at this time the defendant informed me he wishes to waive the time for sentencing.

"THE COURT: Do you wish to waive all further hearing time?

"MR. DOVE: That is correct, your Honor.

"THE COURT: Is that correct, Mr. Tash?

"THE DEFENDANT: Yes, sir.

"THE COURT: Based upon the admission of the defendant and his waiver of all times, it is ordered revoking the defendant's probation."

The court then proceeded to sentence defendant to be incarcerated for a term of not less than three nor more than five years, commencing February 26, 1974.

On this appeal the defendant's basic contention is that the trial court denied him due process by failing to follow the proper procedures in revoking his probation and the subsequent sentencing in that the court failed to follow the requirements of Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), and Rules 27.6, 27.7 and 27.8, Rules of Criminal Procedure, 17 A.R.S.

■ Initially we must answer the state's contention that the new rules of criminal procedure, which became effective September 1, 1973, were not applicable to this revocation proceeding since the original conviction and sentence of probation were imposed before September 1, 1973. We have recently considered this contention and have held that probation revocation proceedings occurring after September 1, 1973 are governed by the new rules. State v. Brown, *supra*. We perceive no reason to depart from that holding.

■ After reviewing the record in this matter it is our opinion that the complete lack of compliance with the 1973 rules requires that this matter be reversed. Although we realize that taken alone several of the errors we will point out might constitute harmless error, yet taken in their totality the errors are so pervasive that reversal is required.

First we note that the procedure followed at the initial appearance on February 28, 1974 did not comply with the re-

quirements of Rule 27.6.[1] The judge who conducted that proceeding failed to inform the defendant as required by the provisions of Rule 27.6, that any statement he made prior to the hearing could be used against him.

Next, we note that the trial judge did not comply with Rule 27.7c(1) or (2).[2] Since the defendant's alleged violation was comprised in part of stealing jewelry and writing bad checks, he should have been informed that he could still be tried for those offenses. The trial judge also failed to meet the requirements of Rule 27.7c(2) in that the defendant was not advised of the consequences of his admissions, nor did the trial judge make a determination of the voluntariness and intelligence of these admissions. Finally, we note that before sentencing defendant, the court did not comply with the requirements of Rules 27.7d and 26.10 so as to allow the defendant the opportunity to speak on his own behalf. We have considered the arguments raised and the cases cited by the state and are not persuaded by them, primarily because the cases referred to were for the most part decided under the old rules of criminal procedure.

Due to the result reached on the above-discussed issues, we will not consider issues raised by the defendant as to whether he waived his right to a dispositional hearing, and whether it was error for the court to neglect to mention that it took into account time already served by defendant in imposing the sentence.

The revocation and sentence are reversed and the matter remanded for further proceedings consistent with this opinion.

JACOBSON, P. J., and EUBANK, J., concur.

---

1. Rule 27.6 provides as follows:
   "When a probationer is arrested on a warrant issued under Rule 27.5(b), his probation officer shall be notified immediately, and the probationer shall be taken without unreasonable delay before the issuing judge who shall advise the probationer of his rights to counsel under Rule 6, *inform him that any statement he makes prior to the hearing may be used against him*, set the date of the revocation hearing, and make a release determination under Rule 7.2(b)." (Emphasis added).

2. Rule 27.7c(1) and (2) read as follows:
   "(1) If the alleged violation involves a criminal offense for which he has not yet been tried, the probationer shall be advised, at the beginning of the revocation hearing, that regardless of the outcome of the present hearing, he may still be tried for that offense, and any statement made by him at the hearing may be used to impeach his testimony at that trial.
   "(2) The court shall then ask him whether he admits or denies the violation charged. If the probationer admits the violation and the court, after making the determinations required by Rule 27.8, accepts the admission, it shall enter an appropriate order under Rule 27.7(d)."