538 P.2d 776

**The STATE of Arizona, Appellee,**

v.

**Freddy Wayne BATT, Appellant.**

**No. 2 CA–CR 587.**

Court of Appeals of Arizona, Division 2.

Aug. 11, 1975.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III and Georgia C. Butcher, Asst. Attys. Gen., Phoenix, for appellee.

John M. Neis, Pima County Public Defender by Michael P. Roca, Asst. Public Defender, Tucson, for appellant.

OPINION

KRUCKER, Judge.

The appellant was charged with theft of a motor vehicle with intent to either temporarily or permanently deprive the owner

of the vehicle in violation of A.R.S. § 13–672, as amended. The charge also alleged three prior felonies, which appellant admitted. The trial court, after extensive examination, found that the vehicle was taken with the intent to temporarily deprive the owner of possession, thus making it a misdemeanor. Under the provisions of A.R.S. § 13–1649, as amended, appellant was treated as a recidivist and was sentenced to not less than one nor more than 13 months in the Arizona State Prison.

The sole question is whether the sentence imposed exceeds the statutory maximum for the crime for which he was convicted. It is admitted that the crime before us, for which appellant was convicted, is a misdemeanor, A.R.S. § 13–672. However, the court found that appellant had previously been convicted of violation of A.R.S. § 13–672(B), theft of a motor vehicle, which is a felony. The maximum penalty under A.R.S. § 13–672, since no punishment is specified, is covered by A.R.S. § 13–1645, and is imprisonment in a county jail for not to exceed six months, or by a $300 fine, or both.

The problem of whether the recidivist statute applies to subsequent misdemeanor convictions not specified in A.R.S. § 13–1649 was dealt with in *State v. Datsi*, 11 Ariz.App. 132, 462 P.2d 825 (1969), a decision of Division One of this court. The court studied A.R.S. § 13–1649 and found:

"Looking at Paragraph A of the statute, we see it is divided into two major parts. The first part is a definition of the type of past (prior) conviction which may be alleged, and part two is a definition of the subsequent conviction for which increased punishment may be applied and the increased punishment applicable thereto. We are unable to find in the provisions of the statute a definition for a subsequent offense which would be applicable to escape from county jail, a misdemeanor, which is punishable upon first conviction by incarceration in the county jail for a term not to exceed six months." 11 Ariz.App. at 135, 462 P.2d at 828.

The court traced the history of Arizona's recidivist statute and stated:

"It is to be noted that prior to the 1951 amendment, the only misdemeanor enumerated in our recidivist statute was petty larceny. The 1951 amendment added crimes such as molesting a school child, which is a misdemeanor for first offense, contributing to the delinquency of a minor, also a misdemeanor, and an offense involving lewd and lascivious conduct, a felony. The logic of the legislature in adding certain misdemeanors which within the statute have been specifically excluded, by inference specifically excludes those misdemeanors which were not enumerated."

Appellee contends that the taking from another of a motor vehicle with the intent to temporarily deprive such other person of the motor vehicle is in reality a petty theft and therefore within A.R.S. § 13–1649. We do not agree. Theft is defined by A.R.S. § 13–661 as the *felonious* stealing, taking, carrying, leading or driving away of the personal property of another. The intent required in theft is to *permanently* deprive the owner of its possession and use, *Hurley v. State*, 22 Ariz. 211, 196 P. 159 (1921), whereas the intent required in the crime of which appellant was convicted is only that of temporary deprivation. Thus the crimes are not the same.

Reversed and remanded.

HOWARD, C. J., and HATHAWAY, J., concur.