544 P.2d 276

**The STATE of Arizona, Petitioner,**

**v.**

**SUPERIOR COURT of the State of Arizona, and the Honorable Ben C. Birdsall, Judge of the Superior Court, Respondents,**

**and**

**Donald Edward TURNER, Real Party in Interest.**

**No. 2 CA–CIV 2042.**

Court of Appeals of Arizona, Division 2.

Jan. 6, 1976.

Dennis DeConcini, Pima County Atty., by Charles S. Sabalos, Deputy County Atty., Tucson, for petitioner.

John M. Neis, Pima County Public Defender, by Allen G. Minker, Asst. Public Defender, Tucson, for real party in interest.

OPINION

HATHAWAY, Judge.

Mr. Turner pled guilty to the charge of offering to sell heroin in violation of A.R. S. Sec. 36–1002.02 and was adjudged guilty

thereof.[1] The respondent court suspended imposition of sentence and placed Turner on probation for a period of five years. The court stated:

"The probation will commence as of this date.

I have taken into consideration the fact that you did spend some 25 days in custody on the charge."

The prosecutor apprised the court of A.R.S. Sec. 36–1002.02(F):

"Any person convicted of a violation of this section who is placed on probation in accordance with the terms of this section *shall* upon sentencing, be committed to the department of corrections for a period of not less than thirty days." (Emphasis added)

The court, however, declined to follow the statutory mandate as to the thirty-day minimum commitment, stating:

"Well, I am not going to make it a part of this sentence. I think if I were to make it a part of this sentence I would completely defeat the objectives that the court has followed here in this case."

The respondent court had discretion as to whether to sentence Turner to imprisonment in the state prison or to suspend imposition of sentence and place him on probation. Had the court chosen the first alternative, Turner would have to serve a minimum of five years in prison. A.R.S. Sec. 36–1002.02(A).

■ When, however, the court exercises its discretion in favor of probation, it cannot ignore the legislative mandate as to commitment to the Department of Corrections. Statutes are to be given, whenever possible, such effect that no clause, sentence or word is rendered superfluous, void, contradictory or insignificant. *State v. Cassius,* 110 Ariz. 485, 520 P.2d 1109 (1974). Our Supreme Court recently stated in the case of *State v. Deddens,* 112 Ariz. 425, 542 P.2d 1124 (filed November 25, 1975):

"We think it clear that the legislature intended that those persons convicted under A.R.S. §§ 36–1002 through 36–1002.-08 with the exception of A.R.S. §§ 36–1002.04 through 36–1002.05 B, (footnote omitted) are not eligible for parole until they have served the minimum time expressed in the statute and that the Warden had no legal right to release MacDonald."

■ We construe A.R.S. Sec. 36–1002.-02(F) to mean what it says—the court *shall* commit a probationer to the Department of Corrections for a minimum of thirty days. The fact that Turner spent 25 days in the Pima County Jail prior to his release on probation did not justify noncompliance with the statutory mandate which is a condition of probation. The period of incarceration between initial arrest and the granting of probation is required to be considered when sentence is imposed after probation has been revoked. Comment, Rule 27.7(d), Rules of Criminal Procedure; *State v. Jameson,* 112 Ariz. 315, 541 P.2d 912 (1975).

The respondent court is directed to modify its judgment to comport with the statutory mandate concerning commitment to the Department of Corrections.

HOWARD, C. J., and KRUCKER, J., concurring.

---

1. An allegation that the value of the narcotics was over $250 was dismissed. Therefore, the statutory proscription of A.R.S. Sec. 36–1002.02(D) as to probation and suspension of imposition of sentence did not come into play.