546 P.2d 342

**The STATE of Arizona, Appellee,**

v.

**Mark Wade MINER, Appellant.**

**No. 3333-PR.**

Supreme Court of Arizona,
En Banc.

Feb. 24, 1976.

———◆———

Bruce E. Babbitt, Atty. Gen., Phoenix, by John S. O'Dowd, Asst. Atty. Gen., Tucson, for appellee.

Kenet E. Chareau, Sierra Vista, for appellant.

HAYS, Justice.

Mark Wade Miner pled guilty to grand theft while armed with a gun. He was 18 at the time and had escaped from the Adobe Mountain School in Phoenix. The trial court entered the following order on January 27, 1975:

> "IT IS ORDERED: that the imposition of sentence shall be suspended for a period of five (5) years from this date and said defendant is placed on probation upon the following terms and conditions:
>
> "1) the defendant shall spend one (1) year or longer at the Adobe Mountain School . . ."

For reasons not apparent from the record, it later appeared to the trial judge that Miner could no longer remain at the school and he was returned to the Cochise County Jail "for further sentencing and modification of the terms of probation" by order entered April 16, 1975.

Later—May 19, 1975—the conditions of probation were modified to commit Miner "to the Department of Corrections pursuant to section 13-671D [sic] for a period of eighteen (18) months beginning November 8, 1974, straight time, and the defendant is to be kept at Fort Grant in the Drug Rehabilitation Program . . ."

Miner appealed, contesting the legality of the modification of the terms of probation. The Court of Appeals, in a memorandum decision, held that the appeal was frivolous because Rule 27.2, Rules of Criminal Procedure, allows the court to modify any condition which it has imposed and the terms of the second order were more favorable to Miner. We granted the petition to review this matter. The decision of the Court of Appeals is vacated.

ARS § 13-1657(A)(1) permits a trial judge to suspend the imposition of sentence and place the defendant on probation subject to terms and conditions as the court determines. "One of the conditions imposed may be incarceration in the county jail for a specified period not to exceed one year." ARS § 13-1657(A)(1).

Miner pled guilty to the crime as an adult, and was subject to the provisions

set forth in ARS § 13–1657 with regard to a suspended sentence and probation. It was error in both orders of the trial judge to have committed Miner for a period of longer than one year, and the only facility specified by statute is the county jail. *State v. Evans,* 109 Ariz. 491, 512 P.2d 1225 (1973). Certainly when he was committed to the jurisdiction of the state department of corrections for a period of eighteen months, "straight time," his probation had, in fact, been revoked and he was sentenced. If revocation of probation is to be considered by the judge, he must comply with the provisions of the Rules of Criminal Procedure and due process. Furthermore, we find no authority under these facts that allows a judge to choose at which institution the defendant will serve his sentence.

This case is remanded to the superior court for resentencing.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concurring.