557 P.2d 170

STATE of Arizona, Appellee,

v.

Steven P. McCLARITY, Appellant.

No. I CA–CR 1238.

Court of Appeals of Arizona,
Division 1,
Department A.

July 22, 1976.

Rehearing Denied Nov. 26, 1976.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., and Shirley H. Frondorf, Asst. Attys. Gen., Phoenix, for appellee.

Richard L. Thompson, Phoenix, for appellant.

## OPINION

DONOFRIO, Presiding Judge.

This is an appeal by defendant-appellant, Steven P. McClarity, from a judgment of conviction and prison sentence of one to three years imposed upon him after a revocation of probation.

Pursuant to a plea agreement, on March 29, 1974, appellant pled guilty to "theft of motor vehicle, open-end" and was granted three years probation. One of the conditions of probation was that appellant be confined to the Maricopa County Jail for a period of six months. Defendant did not appeal this suspended sentence. On March 31, 1975, appellant admitted to the trial court that he violated his probation. On April 7, the court revoked his probation and sentenced him to not less than one nor more than three years in the Arizona State Prison. He has appealed this sentence setting forth two grounds: (1) That the trial court was precluded from sentencing defendant to prison, and (2) that the trial court lacked jurisdiction to impose sentence on a judgment void on its face.

Appellant's plea agreement provided that appellant would receive a sentence consistent with the following terms: "That the offense be left undesignated for three years and that defendant be sentenced to six months in county jail from 1/8/74 as a condition of sentence." As previously mentioned, appellant received the six month sentence and was placed on probation for the three years.

The crucial question presented is whether the trial court was precluded from sentencing defendant in the first place because there had been no express determination at the time as to the degree of the of-

fense. In other words, is there such a thing under our law as "theft of a motor vehicle, open-end" in the sense that the judge by the penalty he metes out determines whether the offense shall be a misdemeanor or a felony, or must the judge first, before determining the penalty, decide whether the taking of the vehicle (in this instance the motorcycle) was with the "intent to either temporarily or permanently deprive" the owner of such motorcycle. We believe that there must be first a determination of the intent by which the motorcycle was taken before meting out the punishment.

In this case the trial court found appellant guilty of "theft of a motor vehicle, an open-end charge." The information to which appellant pled charged that appellant "took from David Ross Spaulding a motorcycle * * * with the intent to permanently or temporarily deprive David Ross Spaulding of such motorcycle, all in violation of A.R.S. § 13–672."

A.R.S. § 13–672 (1973 Supp.) is divided into four sections. The statute provides:

"A.  It shall be unlawful for any person to take from another a motor vehicle or motorcycle with the intent to either temporarily or permanently deprive such other person of such motor vehicle or motorcycle.

"B.  A person found guilty of intent to permanently deprive another of his motor vehicle or motor cycle is guilty of a felony.

"C.  A person found guilty of intent to temporarily deprive another of his motor vehicle or motorcycle is guilty of a misdemeanor.

"D.  A second conviction of a person of intent to temporarily deprive another of his motor vehicle or motorcycle is guilty of a felony."

First, the State contends that appellant cannot attack the judgment entered after his original guilty plea in an appeal taken from the judgment and sentence in the revocation proceedings. In support of this contention, the State cites a line of cases holding that the probation period does not extend the time for filing an appeal. *State v. Osborn,* 107 Ariz. 295, 486 P.2d 777 (1971); *State v. Ward,* 108 Ariz. 288, 496 P.2d 588 (1972); *State v. Hughes,* 22 Ariz.App. 19, 522 P.2d 780 (1974); *State v. Hauersperger,* 20 Ariz.App. 224, 511 P.2d 668 (1973); *State v. Jackson,* 16 Ariz.App. 476, 494 P.2d 376 (1972). This would be true if it were not for the fact that appellant is attacking the prison sentence after revocation and in doing so involves the legality of the previous judgment and sentence, as will be hereinafter discussed.

Appellant's initial contention in this appeal is that the trial court was required to sentence him after probation revocation for a misdemeanor rather than a felony. In support of this argument, he contends that because the trial court made no express finding of whether the offense was a felony or a misdemeanor, any doubt in this connection should be resolved in his favor. *State v. Gonzales,* 105 Ariz. 434, 466 P.2d 388 (1970). This contention does not go to the validity of the original conviction (judgment) which was never appealed, but rather to the sentence which the court imposed after revoking appellant's probation which is the subject of this appeal. Therefore, we feel this issue is properly before the Court on this appeal.

Because the statutory section itself does not provide any specific penalty for the offense, we must determine whether the crime to which appellant pled guilty and adjudged by the trial court[1] falls within

---

1.  The minutes of February 26, 1974 show that:
    "Defendant now enters a plea of guilty to the Amended Information for Theft of Motor Vehicle, open-end and the Court accepts the plea."

and the minutes of March 29, 1974 at the time of sentencing show:
    " * * * it is now the Judgment of this Court that you are guilty of the crime of Theft of Motor Vehicle, open-end."

the general category of a felony, a misdemeanor, or an "open ended" offense. As will be shown, the offense for which appellant was sentenced can be none of the above and therefore we must reverse appellant's conviction.

It is to be noted that in deciding this issue, we do not intend to expand the scope of appeal from a probation revocation proceeding. In virtually every other case, a probationer will be required to file a petition for post-conviction relief under Rule 32 of the Rules of Criminal Procedure. However, in this case the appeal is from the prison sentence after revocation of probation in which appellant contends that he has never been adjudged guilty of a felony.

Turning to the substance of appellant's appeal, we first consider whether the trial court determined the offense was a felony at the time of the guilty plea.

■■■ The trial court made no express determination in the current case as to whether the crime was committed with the intent to permanently or temporarily deprive the owner of his vehicle. The State argues that the trial court which accepted the guilty plea determined sub silentio that the offense was a felony by placing appellant on probation for three years. If this is true, this determination was in violation of the plea agreement which provided that the offense be left *undesignated* for three years. To make such a determination without explaining its consequences to appellant and giving appellant an opportunity to withdraw his plea would be a violation of the plea agreement which would require reversal. Rule 17.4(e), Arizona Rules of Criminal Procedure; *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed. 2d 427 (1971). Further in light of the trial court's express finding that the offense was "open-end," we cannot say that the trial court made a determination as to whether the offense was a misdemeanor or a felony. Therefore, the court which revoked appellant's probation could not sentence him for an offense previously determined to be a felony.

On the other hand, it is even clearer that the trial court did not intend the offense to be a misdemeanor. Appellant was placed on probation for three years. The maximum jail sentence for a misdemeanor is six months. A.R.S. § 13–1645 (1956). Because the probation period cannot exceed the maximum term of the sentence which could be imposed by law, there is no doubt that the offense for which appellant was originally convicted was not a misdemeanor. Although appellant was not convicted of a felony, there is also *no* doubt that the trial court did *not* intend to convict appellant of a misdemeanor offense. Therefore, appellant was not, as he contends, entitled under the terms of the original conviction to be sentenced for a misdemeanor at the time of his probation revocation.

Finally, we must consider whether the court which revoked appellant's probation could sentence appellant for an "open-ended" offense.

■■■ In common usage, an "open-ended" offense is one in which the court has the discretion to sentence a defendant to either a felony or a misdemeanor. For example, see A.R.S. § 13–312 (1973 Supp.). For certain offenses the Legislature has expressly given the judiciary the power to make the determination of whether the offense is a felony or misdemeanor. However, the Legislature has not given the judiciary this power for the crime of theft of a motor vehicle. Rather, the statute provides that if the intent is to " * * * *permanently* deprive another of his motor vehicle or motorcycle * * *," then the defendant is guilty of a felony; if the intent is to " * * * *temporarily* deprive another of his motor vehicle or motorcycle * * *," then the defendant is guilty of a misdemeanor. (Emphasis added) Unlike an "open-ended" offense, the trial court has no discretion on how to treat the offense once the factual determination has been made. In the current case, the prose-

cutor, the defendant and the trial court sought to bypass this legislative determination by not making a determination at the time of the plea.

· The control of the sentencing process is a delicate balance between the Legislature, the judiciary and the executive. In *State v. Pakula,* 113 Ariz. 122, 547 P.2d 476 (1976), our Supreme Court stated:

"The legislature sets the sentencing limits and distributes the authority to control the sentence, within those limits, in the courts, correctional authority, and the parole board." 547 P.2d 476 at 479.

See also *State v. O'Donnal,* 110 Ariz. 552, 521 P.2d 984 (1974).

▮ It is within the sole power of the Legislature to determine what acts constitute crime and to prescribe punishment for those acts. 21 Am.Jur.2d § 535; 21 Am. Jur.2d § 577 and *Howard v. State,* 28 Ariz. 433, 237 P. 203 (1925). We do not think that the judiciary can circumvent the legislative intent by permitting an appellant to plead guilty to a variety of acts and then later choose the act for which it will punish defendant. To permit such a policy would be to give discretion to the trial court where the Legislature has determined there should be none. Arizona courts have been zealous in protecting the Legislature's prerogative of establishing sentencing procedures and we are reluctant to go against this general policy. *State v. Pakula,* supra; *State v. O'Donnal,* supra; *State v. Miner,* 113 Ariz. 56, 546 P.2d 342 (1976), and *State v. Superior Court,* 25 Ariz.App. 452, 544 P.2d 276 (1976).

▮ The illogical results of the court's failure to follow the legislative policy is demonstrated by the result in this case. Appellant pled guilty to two offenses which cannot co-exist. The intent, a necessary element of the crime, required for a violation of A.R.S. § 13–672(B), "permanently deprive," negates the existence of

the intent which must exist for a violation of A.R.S. § 13–672(C), "temporarily deprive." The result is an inconsistent and illogical verdict. *State v. Parsons,* 70 Ariz. 399, 222 P.2d 637 (1950), *State v. Batt,* 24 Ariz.App. 347, 538 P.2d 776 (1975).

▮ Even assuming that A.R.S. § 13– 672 divides the offense of theft of a motor vehicle into degrees, we still feel a determination as to the degree of the offense should have been made at the trial court level. Under the 1956 Rules of Criminal Procedure, the trial court would have been required to determine the degree of an offense of which a defendant was guilty before accepting a guilty plea and rendering judgment and sentence. Rule 185, Arizona Rules of Criminal Procedure (1958); *State v. Moreno,* 102 Ariz. 399, 430 P.2d 419 (1967). Although the new rules contain no comparable provision, we feel that the judgment of the trial court should be clear and non-ambiguous and it is still necessary for the court to specifically find the "degree" of the offense.[2]

The problems caused by the failure to determine the degree of the offense are demonstrated by the trial court's advice to appellant at the time of his admission of his violation of probation. Pursuant to Rule 27.8 of the 1973 rules, the trial court was required to address petitioner personally and determine that he understood the " * * * nature and range of possible sentence for the offense * * *." Rule 17.2(b), Arizona Rules of Criminal Procedure (1973). Regarding the possible sentence, the court only advised appellant " * * * you could be sentenced to the maximum allowed by law." This advice neatly sidesteps the issue of under which statute appellant was convicted and indicates that even the trial court was not certain of the possible range of sentence. This ambiguity would be resolved by a de-

---

2. We do not disapprove of the practice of *charging* a defendant with an "open" charge where the offense is divided into degrees.

Rule 13.2(c), Arizona Rules of Criminal Procedure.

**576**

termination by the trial court prior to accepting the plea.

Because we reverse appellant's conviction on other grounds, we need not consider whether the trial court's failure to adequately advise appellant of the range of sentences constitutes fundamental error. *State v. Tash,* 23 Ariz.App. 299, 532 P.2d 874 (1975).

■ The State contends that the plea agreement in the current case was for appellant's benefit and therefore he cannot complain about its consequences on appeal. However, the basis for our decision is not predicated on a concern for appellant's rights, but rather for the integrity of the judicial process and the proper judicial respect for legislative policies. It is not for the judiciary to conspire with a defendant to find ways to set sentences outside of the range designated by the Legislature. Therefore, the doctrines of waiver and harmless error are inapplicable in the current case.

In light of the foregoing, we do not think the trial court could treat "theft of a motor vehicle" as an "open-ended" offense. Therefore, there was no proper sentence which the trial court could impose upon the revocation of appellant's probation. Because the court could not impose any appropriate sentence, the original conviction must be reversed.[3]

The judgment and sentence are set aside and the cause remanded for further proceedings not inconsistent with this opinion.

OGG and FROEB, JJ., concur.

## SUPPLEMENTAL OPINION

DONOFRIO, Presiding Judge.

The motion for rehearing filed by the appellee State of Arizona has been considered by the Court and we feel that the original opinion (filed July 22, 1976), contains dicta which is misleading and should be omitted. The statement of facts contained in the original opinion is correct and will not be repeated here.

In our previous opinion the judgment and sentence were set aside on the grounds that the trial court had no authority to accept a plea to "theft of a motor vehicle" as an "open-ended" offense. This conclusion was based on the fact that A.R.S. § 13–672(B) and A.R.S. § 13–672(C) create separate offenses, the former being a felony when the theft of a vehicle is done with the intent to "permanently deprive" and the latter being a misdemeanor when the intent is to "temporarily deprive." The State's argument that, by placing appellant on probation for 3 years, there was a *sub silentio* treatment of the offense as a felony was merely an attempt to salvage the plea by showing that the trial court initially accepted the plea with the intent of treating the matter as a felony and not as an "open-end" offense. To whatever extent the discussion of the State's argument inferred that in an "open-end" offense a suspension of the imposition of sentence for more than 1 year is a de facto determination that the matter will be treated as a felony, that inference is hereby dispelled. This issue was not directly before the Court and was not necessary to the determination of the Court's opinion. For the same reason, footnote 3 is deleted from the opinion.

The motion for rehearing is denied. The judgment and sentence are set aside and the cause is remanded for further proceedings consistent with this Court's previous opinion.

OGG and FROEB, JJ., concur.

3. This opinion does not disapprove of the practice of delaying until the revocation of probation, a determination as to the appropriate sentence when the offense is truly "open-end." See A.R.S. § 13–312 (1973 Supp.). In these cases, the sentencing for the offense is in the discretion of the trial court. However, in statutes such as the one involved in the current case, the Legislature has not given any such discretion to the courts.