557 P.2d 562

**STATE of Arizona, Appellee,**

v.

**Eddie Gene OWENS, Jr., Appellant.**

**Nos. 1 CA–CR 1881, 1 CA–CR 1882.**

Court of Appeals of Arizona,
Division 1,
Department A.

*Nov. 9, 1976.*

Bruce E. Babbitt, Arizona Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div., and Cleon M. Duke, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Emmet Ronan, Deputy Public Defender, Phoenix, for appellant.

## OPINION

NELSON, Judge.

Appellant, Eddie Gene Owens, Jr., entered a plea of guilty on September 24, 1974 to the charge of aggravated battery. The trial court on October 8, 1974 placed the appellant on three years probation. On January 15, 1976, the appellant pled no contest to a charge of robbery. On February 24, 1976, the trial court sentenced the appellant to serve not less than five nor more than ten years in the Arizona State Prison on the robbery charge. On the same date, the court revoked the appellant's probation on the aggravated battery conviction and ordered that he be incarcerated in the Arizona State Prison for not less than three nor more than four years, this sentence to run concurrently with the robbery sentence. Appellant appeals from these convictions and sentencings.

Appellant presents two questions for review:

(1) Whether the sentencing of the appellant to the Arizona State Prison constitutes cruel and unusual punishment;

(2) Whether the trial court abused its discretion in sentencing the appellant to confinement in the Arizona State Prison.

## CRUEL AND UNUSUAL PUNISHMENT

Appellant is a twenty-three year old man who has repeatedly been diagnosed as mildly mentally retarded, possessing an I. Q. of 61 and reading skills of a beginning first-grader. He possesses minimum arithmetic skills and would have difficulty managing money at all, with the possible exception of making change for a dollar bill. He spent eight years of his life, from ages 10 to 18, at the institution for the mentally retarded at Randolph, Arizona. Under this controlled and structured environment he functioned very well and was quite happy there. Upon his release from the institution at Randolph, the Department of Economic Security attempted various placements with appellant, including Goodwill Industries in Phoenix, but always without success. The record indicates that at this time they have no program suited for appellant.

Outside of his mental retardation, appellant is able to comprehend the nature and quality of his acts and assist counsel in the conduct of his case. There is no claim that he is insane under Arizona law and thus not criminally liable for his conduct. See: *State v. Cooper*, 111 Ariz. 332, 529 P.2d 231 (1974); *Crow v. Eyman*, 459 F. 2d 24 (9th Cir. 1972), cert. denied 409 U.S. 867, 93 S.Ct. 163, 34 L.Ed.2d 115, rehearing denied 409 U.S. 1029, 93 S.Ct. 468, 34 L.Ed.2d 323. It is nonetheless asserted that the sentencing of him to the Arizona State Prison with his mental condition constitutes cruel and unusual punishment in violation of U.S.Const. Amend. VIII and Arizona Const. Art. 2, § 15.

It is consistently recognized that a sentence within the statutory limitation is

not cruel and unusual punishment where the statute fixing punishment is not unconstitutional. *State v. Guthrie,* 111 Ariz. 471, 532 P.2d 862 (1975); *State v. Starks,* 20 Ariz.App. 274, 512 P.2d 37 (1973). Appellant does not attack the constitutionality of the statutes authorizing invocation of the sentences upon him, nor does he dispute the duration of the sentences themselves. On this basis, we do not find that the appellant has been cruelly or unusually punished. *State v. Guthrie,* supra; *State v. Starks,* supra.

Nevertheless, appellant questions the propriety of the concept of confining him at the Arizona State Prison, in view of his mental condition. He contends that the current standards of decency in this country prohibit the incarceration of an individual who has a mental age of a nine year old, but who has all of the normal 23 year old male and masculine drives for sex, self-assertion and for finding his role in life, among the hardened, adult criminal population found at the Arizona State Prison. See *Trop v. Dulles,* 356 U.S. 86, 78 S.Ct. 590, 2 L.Ed.2d 630 (1958); *Furman v. Georgia,* 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972); *Gregg v. Georgia,* — U.S. ——, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976).

■ While we may sympathize with the sad and unfortunate mental condition of the appellant and may personally believe that society owes a duty to care for individuals similarly afflicted, we do not believe that the sentencing to the Arizona State Prison for crimes he clearly committed and understood were wrong is cruel and unusual punishment. In sentencing, a trial judge must consider all the objectives of confinement; these ideals include not only punishment and rehabilitation but also the protection of society from further harm by the criminal. *State v. O'Donnal,* 110 Ariz. 552, 521 P.2d 984 (1974).

In this case, the trial court was faced with a young man who had admitted to and pled guilty to aggravated battery and no contest to a robbery. No contention is raised that the appellant did not fully understand the ramifications of his pleas. The record reflects that he was aware and cognizant of the gravity of his actions in pleading to the charges. The trial court was thus under a duty to sentence the appellant, keeping in mind the objectives to be sought in sentencing. *State v. O'Donnal,* supra. The court determined that the appellant should be incarcerated for the robbery conviction and for violation of his probation for the aggravated battery. Such sentences were within the statutory limits. *State v. Starks,* supra. The trial court, even though it may have wanted to, could not at that point have selected the institution at which it would have wanted the appellant to serve his sentence. *State v. Miner,* 113 Ariz. 56, 546 P.2d 342 (1976). The court was required, under the circumstances, to order incarceration in the Arizona State Prison. Such action did not amount to cruel and unusual punishment.

■ This holding does not, however, leave appellant without possible remedies. Once a prisoner is confined in any facility operated by the Arizona Department of Corrections, it is incumbent upon the personnel of such facility to take appropriate measures, including but not limited to, involuntary hospitalization in the State Hospital, transfer to another institution under the control of the Department of Corrections, out-of-state placement, etc., to insure the safety and well-being of the inmate if he suffers from a substantial impairment of his mental health. A.R.S. § 31-224. See also A.R.S. §§ 31-201.01, 41-1604(B)(2)(e); 41-1609 and 41-1613; *Maxwell v. McBryde,* 12 Ariz.App. 269, 469 P.2d 835 (1970). See also: *Nelson v. Heyne,* 491 F.2d 352 (7th Cir. 1974); *Costello v. Wainwright,* 397 F.Supp. 20 (M.D. Fla.1975), aff'd 525 F.2d 1239 (5th Cir. 1976); cf. *Wyatt v. Stickney,* 325 F.Supp. 781 (M.D.Ala.1971), (supplemented 334 F.

Supp. 1341, 344 F.Supp. 373, 344 F.Supp. 387 (1972)), aff'd *sub nom. Wyatt v. Aderholt,* 503 F.2d 1305 (5th Cir. 1974); Note *Wyatt v. Stickney and the Right of Civilly Committed Mental Patients to Adequate Treatment,* 86 Harv.L.Rev. 1282 (1973); *New York State Association for Retarded Children, Inc., v. Rockefeller,* 357 F.Supp. 752 (E.D.N.Y.1973). But see: *State v. Kidwell,* 27 Ariz.App. 466, 556 P.2d 20 (1 CA–CR 1630, September 9, 1976).

It must be asserted in final comment on the appellant's first question presented that while this Court is concerned over the plight of the appellant, we feel that society has an equal right to be protected from persons of his type who commit acts of violence against the community. Presently, except for probation, which was initially tried in appellant's case, sentencing to the Arizona State Prison is the only alternative available to the trial judge. If there are no other alternatives for the trial judge in cases such as this, it is the prerogative of the Legislature to provide them as it sees fit.

## ABUSE OF DISCRETION

In addition to the proposition that the sentencing itself is a cruel and unusual form of punishment to be invoked on a person such as himself, appellant urges that the trial court abused its discretion in ordering the sentences, implying that the appellant should have again received some other sort of punishment, e. g., probation on condition he enter some sort of custodial or supervised program.

As admitted by the appellant, the trial court possesses wide discretion in sentencing, and, as it is well-recognized, this Court will not interfere with the trial court's sentence if it is within statutory limitations. *State v. Dixon,* 21 Ariz.App. 517, 521 P.2d 148 (1974); *State v. Starks,* supra.

In this case, the trial court, with the full panorama of facts and circumstances of the appellant before it, imposed confinement sentences well within statutory limitations. No abuse of discretion was committed. *State v. Starks,* supra.

The sentences are affirmed.

DONOFRIO, P. J., and OGG, J., concurring.